ROBERT LOCKHART v. WARD, DEWEY & CO.

.. PARTIES—FORECLOSURE.—All persons who may redeem are proper parties to a suit to foreclose.

2. SAME—TENANT FOR YEARS.—A tenant for a term of years has a right to redeem, and is a necessary party to a suit to foreclose a mortgage upon the land executed by his landlord.

3. SAME.—A judgment of foreclosure, in which the tenant for years is not made a party, is not conclusive against such tenant, and he can assert his rights in defense in an action of trespass to try title brought against him by a purchaser under the foreclosure.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Lockhart sued Ward, Dewey & Co. in trespass to try title. Kleiber, the landlord of Ward, Dewey & Co., made himself party defendant. The facts are sufficiently stated in the opinion.

*Crosby & Hill,* for appellant, cited 4 Kent, 176; Taylor's Landlord and Tenant, sec. 538; Keech v. Hall, 1 Doug., 21; 1 Hill. on Mort., 168; Crews v. Pendleton, 1 Leigh, 297; Lane v. King, 8 Wend., 584; Freeman on Judg., 609; Lynch v. Baxter, 4 Tex., 431; Florentine v. Barton, 2 Wall., 216; Rorer on Jud. Sales, 266.

*W. P.* and *E. P. Hamblin,* for appellees, cited Hall *v.* Hall, 11 Tex., 547; Mills *v.* Traylor, 30 Tex., 7; Buchanan *v.* Monroe, 22 Tex., 541; 2 Wash. on Real Prop., 163, and cases cited, 228 and note; Bacon *v.* Bowdoin, 22 Pick., 401; Martin *v.* Harrison, 2 Tex., 456; Bennett *v.* Spillars, 9 Tex., 519; Wiley *v.* Pinson, 23 Tex., 486; Briscoe *v.* Bronaugh, 1 Tex., 326; Fisk *v.* Wilson, 15 Tex., 433.

IRELAND, ASSOCIATE JUSTICE.—In 1858 Gray, Ennis, and McCraven, as executors of the last will of J. H. Stevens, sold the property in controversy to J. H. Sellers. They made Sellers a deed and took a mortgage on the property from Sellers to secure $5,000 of the purchase-money. On the 1st day of February, 1859, Sellers sold the property to James Hilliard, and as part of the consideration Hilliard assumed the payment of the $5,000 to Gray, Ennis, and McCraven, and gave a mortgage in lieu of the one made by Sellers. Hilliard died leaving the debt unpaid. His estate was administered in Fort Bend county.

In 1868 Betty Harper, as administratrix, was authorized by the county court to lease the property, and to have permanent improvements erected thereon; and on the 14th day of March, 1868, she entered into a contract with A. M. Kleiber, by which Kleiber was to take possession of the property and keep it for five years, pay an annual rental to Hilliard's estate, and at the expiration of the lease Hilliard's estate was to pay Kleiber the value of the improvements he should place on the property.

Before the expiration of Kleiber's lease, suit was brought and judgment obtained ordering a sale of the property to pay the debt due to Stevens's estate.

Kleiber was not made a party to the proceedings foreclosing the mortgage for the purchase-money. The property was sold and Lockhart purchased it and then brought suit to evict Kleiber.

Kleiber plead the lease, his improvements, and offered to

redeem.    A jury was waived and the matters in issue were submitted to the court, and a decree was entered—

1. Giving Lockhart the property.

2. Giving Kleiber judgment for the value of a brick building erected by him, valued at $4,500.

3. The court found the property described in the lease worth $9,000.

4. That if Lockhart should within thirty days pay to Kleiber, or to the clerk of the court for him, the sum of $4,500, then the title to the property to vest in Lockhart.

5. Should Lockhart fail to pay said $4,500, then if Kleiber should within thirty days pay to Lockhart, or to the clerk for him, the sum of $9,000, then the right and title of the property to vest in Kleiber.

6. Should both plaintiff and defendant fail in said payments, then an order of sale to issue, and the property to be sold, the proceeds to go to the parties "in the proportion that their respective interests, as hereinbefore valued and assessed, bear to each other." .

7. That the rights of the intervenor, Mrs. Cunningham, who was entitled to a mortgage debt against Kleiber, be protected, and that any money paid to or for the benefit of Kleiber should be paid over to Mrs. Cunningham, whose debt then amounted to $1,462.50 gold; the balance of the money (it is difficult to see where the balance would come from) to be paid to Kleiber.

From this decree Lockhart appealed.

What rights did Kleiber acquire by reason of his lease as against the trustees of Stevens's estate, and as against Lockhart, who bought at the foreclosure sale ?    If Kleiber had the right to redeem, he was a necessary party to the proceedings to foreclose; and if a necessary party, his rights were not concluded by those proceedings, because not a party.    If he had rights that the mortgagees were bound to respect, then he may assert them in this suit.

If Kleiber was a necessary party to the foreclosure suit, it

may be doubted whether the mortgagees could have properly proceeded in the Probate Court, as in this case, because there is no mode for bringing any one before that court except the parties to the mortgage. The proceedings and sale, however, cannot be held void on that account.

As he was not made a party to the foreclosure proceedings, we must determine what his rights are in this suit.

In Averill v. Taylor, 4 Selden, 44, this precise question underwent a very elaborate review. The main opinion was delivered by Morse, J., and in the course of his remarks he uses this language, speaking of a lease for years by the mortgagor: "Such estates may be and often are of far greater value than a life estate, which is a freehold, yet they are only estates for years, and mere chattels. It would be strange at this day, and after the great changes which have taken place in the law relating to estates for years, if one having an estate for a thousand years in land, by lease or grant from the tenant in fee, could not redeem from a prior mortgage, and save his estate; and that upon the ground that at common law he had no interest in the land, but only a tenure."

Again: "It will not be claimed, I apprehend, that the lessee would be bound or affected by any form of foreclosure to which he was not a party;" and wherefore make him a party to a strict foreclosure, if he could not redeem?

This case, decided by the Court of Appeals of New York, appears to have been thoroughly considered. The court consisted of nine judges. Judges Johnson, Jewett, and Mason differed on some minor points; but all the judges agreed on the point under discussion in this case.

The Supreme Court of Massachusetts, in Bacon v. Bowdoin, 22 Pick., 404, uses this language: "The defendants demur to the bill, and the first question to be decided is, whether a tenant for years has a right to redeem a mortgage made by his lessor. And we think it very clear that he has such right. It was so laid down by Lord Mansfield in Keech

*v.* Hall, 1 Doug., 21, as an indisputed right; 2 Cruise's Dig., tit. 15, c. 2, secs. 6, 7."

If this right existed at a period of time when the mortgagee was regarded as the legal owner of the property, and when at any time he could demand and take possession, it would seem that the rule could be no less powerful and commendable at the present time, when the mortgagor is regarded as the owner of the fee, and the interest of the mortgagor but a chattel interest, a mere security for his debt. If, then, the lessor, Kleiber, had a right to redeem in order to protect his interest, his rights were in no way affected by the foreclosure and sale to which he was not a party.

The rule is believed to be without exception, that no one who is not entitled to redeem need be made a party to a foreclosure suit; and the converse of this proposition as certainly follows, that all persons who may redeem are proper parties to a suit to foreclose.

It may be urged that to make a large number of tenants or lessees parties to such suit would be inconvenient and embarrassing to the creditor. The same argument might be used with reference to subsequent mortgages. In either case, if the mortgagee does not wish to subject himself to this trouble and inconvenience, he can easily avoid it by taking possession under an agreement that he may do so. The writer is inclined to the opinion that creditors ought never to have been incumbered with subsequent liens, and that they should have been required to take care of themselves; but we must declare the law as we understand it to be settled.

The views that we have here expressed will require a reversal of the judgment, and it is necessary that we should indicate our views of the respective rights of the parties to be ascertained on another trial.

1st. Lockhart is entitled to the property, subject to Kleiber's lien for his improvements erected by him up to the date of Lockhart's purchase, to be valued at the time of the trial.

2d. From the value of Kleiber's improvements must be

deducted all the rents accrued from the date of appellant's purchase.

3d. Lockhart will have possession, if he sees proper to pay Kleiber balance for improvements, after deducting rents, payment to be made in a reasonable time, to be fixed by the court; and in the event he declines to pay, an alternate decree to be entered, directing a sale of the property for cash, and out of the proceeds to pay—1st. To Lockhart the full amount of the debt originally due from Hilliard's estate to Stevens's estate, to which he will be entitled by reason of his purchase; 2d. Pay balance due Kleiber for the improvements, to be valued at the date of Lockhart's purchase, deducting from amount due Kleiber all rents due or accrued since Lockhart's purchase; 3d. The balance arising from sale, if any, to be paid to Lockhart; 4th. Hilliard's estate having received the value of Kleiber's improvements in the increased price for which the property sold, by reason of the improvements, Lockhart will be entitled by right of substitution to whatever rights, if any, Kleiber had against Hilliard's estate on the contract of lease.

The litigation between Mrs. Cunningham and Kleiber is not involved in this appeal. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

ROBERTS, CHIEF JUSTICE, (dissenting.)—Not objecting to the reversal of the cause, and concurring therein, I find myself not able to agree with the majority of the court in the direction given to the case, and the opinion expressed as to the rights of the parties in the suit to be hereafter determined.

In my opinion, the general rule of law is, that the lessee has no such right in the land as that he can, like a mortgagee, have it sold for his benefit, or for the protection of his interests in the lease. That is the effect of the decision in this case.

The foreclosure of the mortgage in this case conveyed the

whole interest in the property to Lockhart, the purchaser, and the money he paid represents the value of the improvements made by the lessee, as well as the value of the rest of the property, and the lease is no incumbrance on his title thus acquired; if the lessee has equitable rights, it is to a part of that money, and he should have asserted his rights by intervention, or by some equitable proceeding, in which both mortgagor and mortgagee were parties, before the sale of the land to a third person (Lockhart) under the mortgage.

A lessee has no seizin of the land, his possession being held in this State, without any known exception heretofore, to be the possession of the lessor, who has the legal or equitable title, so as to be the owner of the land; and the mortgagor having leased the land after the execution and recording of the mortgage, without the consent or encouragement of the mortgagee, in respect to the terms of the lease, the mortgagee was not bound to make the lessee a party to the suit for foreclosure.

These general propositions, it is believed, are well sustained by both the English and American decisions, and wherever a contrary rule has been adopted it has been influenced by statutes relating to leases, which give them the legal effect of an interest in land, a species of estate in land of a higher order than a term, as known at common law and in this State.   (1 Hilliard on Mortgages, 193, *et seq.; * McDurmot *v.* Burke *et als.*, 16 Cal., 580; McCall *v.* Lenox, 9 Serg. & R., 308; Averill *v.* Taylor, 8 N. Y., 52; Bacon *v.* Bowdoin, 22 Pick., 401.)

I think, therefore, the remedy of the lessee, Kleiber, is upon his indemnity against the mortgagor, and not against Lockhart, to have the land resold, under the facts as presented in the record.