THOMAS POLAND v. S. R. DAVENPORT ET AL.

FORECLOSURE—PARTIES.—Where a debtor sells lands which are subject to a judgment lien, or where they are sold under a junior judgment and the purchaser takes and retains possession, and in this state of the title the debtor dies, the title or right of possession of the purchaser is not affected by proceedings had in the Probate Court for the enforcement of the judgment lien against the estate of the debtor, to which the purchaser was not a party.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

April 19, 1867, N. C. Folger recovered judgment in the District Court of Rusk county, for $524, against William Dav-

enport. Execution was issued thereon April 1, 1868, and subsequently several *alias* executions.

April 22, 1867, Davenport executed a mortgage to Stacy and Poland for a tract of eleven hundred acres of land in said county, which was regularly recorded on April 26.

May 6, 1867, Wiley Harris obtained a judgment against Davenport for $1,000. November 9, 1867, execution issued on this judgment. Under an *alias* execution issued under the Harris judgment the tract of eleven hundred acres was sold for $1,000, and bought by Harris, said sum being credited on his execution.

November 12, 1869, Harris sold the land to John Davenport, who went into possession of it at once. November 24, 1869, John Davenport sold five hundred acres of the tract to S. R. Davenport, and on November 24, 1871, sold the remainder of the tract to J. Polk Crim, those purchasers going into possession of the land purchased, respectively.

In 1869 William Davenport died, and in 1872 Samuel Rainey was appointed administrator of the estate.

In September, 1872, Folger proved up his judgment, asserting a lien upon the tract of land; as did Stacy and Poland their mortgage. These claims were approved by the court December 5, 1872.

May 9, 1873, an order of sale was made in said estate by the District Court of Rusk county, which was renewed September, 1873, ordering sale of the tract of eleven hundred acres aforesaid, to satisfy the judgment lien held by Folger and the mortgage of Stacy and Poland.

Sale was made and reported to the next term of the District Court, and was confirmed January 12, 1874. Under the sale proceedings Thomas Poland became the purchaser, having also received a deed for the land from Rainey, the administrator.

Neither S. R. Davenport nor J. Polk Crim was a party to the proceedings had in the estate of William Davenport.

April 8, 1874, Thomas Poland brought an action of tres-

pass to try title against said Davenport and Crim for the land held by them.

The defendants pleaded the facts relied on as constituting their titles.

January, 1877, a verdict and judgment were given for defendants. Poland appealed, and assigned error, generally, that the verdict was contrary to the law and evidence,.and error in overruling motion for new trial; and, specially, "that the court erred in its charge to the jury, that if Harris purchased the land and sold the same to the Davenports and Crim, and they went into the possession of the same, and were in possession at the time that Rainey was appointed administrator and got the order to sell and sold the land, that they would find for the defendants."

*N. G. Bagley,* for appellant, cited Paschal's Dig., arts. 7005, 4606, 4622; Fisher *v.* Foote, 25 Tex. Supp., 316; Watson *v.* Hopkins, 27 Tex., 638; Sutherland *v.* DeLeon, 1 Tex., 250; Lynch *v.* Baxter, 4 Tex., 431; Neill *v.* Hodge, 5 Tex., 487; Parker Co. *v.* Sewell, 24 Tex., 238; Wasson *v.* Davis, 34 Tex., 159; Hawley *v.* Bullock, 29 Tex., 216; Probate Law of 1870, secs. 237, 241–243; Freem. on Judg., p. 90; Hopkins *v.* Nichols, 22 Tex., 207; Bennett *v.* Gamble, 1 Tex., 124; Earle *v.* Thomas, 14 Tex., 583.

*James H. Jones,* for appellee, cited Buchanan *v.* Monroe, 22 Tex., 541; Mills *v.* Traylor, 30 Tex., 11; Hall *v.* Hall, 11 Tex., 547; Carter *v.* Attoway, 46 Tex., 108; Turner *v.* Phelps, 46 Tex., 251; Preston *v.* Breedlove, 45 Tex., 47.

*Drury Field,* also for appellee.

GOULD, ASSOCIATE JUSTICE.—This case presents but a single question, viz.: Where a debtor sells his lands which are subject to a judgment lien, or where they are sold at execution sale under a junior judgment, and the purchaser takes

and retains possession, and in this state of affairs the debtor dies, is the title or right of· possession of such purchaser affected by a sale under proceedings in the Probate Court for the enforcement of the senior judgment lien, to which he is not a party ?   This question was considered and the authorities bearing on it, to some extent, cited and examined in the case of Schmeltz *v.* Garey, 49 Tex., 49.   In conformity with the views expressed in that case and intimated in Lockhart *v.* Ward, 45 Tex., 227, our opinion is that this question must be answered in the negative.  The judgment is accordingly affirmed.

AFFIRMED.