C. S. BLACK v. LUCINDA BLACK.

(Case No. 1714.)

1. SUIT BY THE WIFE.— Where the husband has abandoned his wife, and is a fugitive from justice, the wife can either institute a suit or defend one for the protection of herself or property without the joinder of her husband. Ryan v. Ryan, 61 Tex., 474, cited and approved.

2. JUDGMENT — EVIDENCE.— A judgment foreclosing a vendor's lien, to which neither husband nor wife is a party, is inadmissible in a subsequent suit between the latter and a party claiming the property under such judgment.

3. JUDGMENT.— A judgment is a bar to a subsequent action only as to those who were parties to that judgment.

4. SAME — PARTIES.— In a suit on a vendor's lien note by an assignee of the note, not only must the payee who has expressly transferred the lien be made a party, but the original maker is a necessary and proper party to a decree of foreclosure, and unless the judgment sets out a foreclosure as to him, his rights are not affected thereby.

5. SAME — CASES CITED.— Beck v. Tarrant, 61 Tex., 404; Slaughter v. Owens, 60 Tex., 671; Schmeltz v. Garey, 49 Tex., 49; Lockhart v. Ward, 45 Tex., 227, cited.

APPEAL from Titus.   Tried below before the Hon. B. T. Estes.

Suit was instituted by appellee against C. S. Black, for the recovery of a tract of land described in her amended original petition, for rents claimed by her for use of same, and for the value of certain personal property described in her amended petition. She alleged that her husband, E. P. Black, had abandoned her on the 27th day of November, 1880, and also such other facts in connection with the abandonment as she claimed entitled her to sue alone. She alleged ownership of the land in controversy by herself and husband at the time of the abandonment, and alleged the same to have been their homestead. She also alleged that the personal property described in her petition, belonging to herself and husband at the time of abandonment, was appropriated by appellant to his own use. She prayed for judgment for the land, for rents, and for the value of the personal property. Appellant answered substantially as follows, viz.: That E. P. Black purchased the land in controversy on the 18th day of December, 1879, from G. Hargrove and his wife, Alice Hargrove; that he paid $100 of the purchase money in cash, and the balance was secured by two promissory notes for $125, each due on the 1st days of January, 1881 and 1882, and bearing ten per cent. interest from date; that the deed of Hargrove and wife to E. P. Black expressly reserved the vendor's lien on the land; that Hargrove, on the 21st of February, 1880, by written indorsement on the back of the notes, transferred the same to Thompson Morris, he (Hargrove) guarantying their payment in full, and by writing continuing the vendor's lien; that afterwards appellant became the owner by purchase of both notes; that on the 1st day of March, 1882, appellant brought suit in the district court of Titus county against E. P. Black and G. Hargrove, to recover judgment for the amount of the notes and for a foreclosure of the vendor's lien on the land; that prior to instituting this suit, E. P. Black had become a fugitive from justice, and that appellee had permanently moved away from the land and had placed appellant in possession. That, at the spring term, 1882, appellant recovered judgment for the full amount of the two notes against Hargrove, a discontinuance having been entered as to E. P. Black, and also a decree foreclosing the vendor's lien on the land; that on the 6th day of June, 1882, the land was sold to satisfy this judgment and lien, and appellant became the purchaser and paid the amount bid.

Appellant in his answer declared his willingness to give up the land to appellee, on her paying to him the amount of the judgment paid by him. He also prayed the court, in the event that his title to the land by virtue of the sale should be deemed invalid, to

require in its judgment that appellee should refund the money to him, before being put in possession. He alleged that the personal property sued for had been appropriated to the payment of debts in accordance with directions of E. P. Black, and denied generally the allegations of appellee's petition. The trial court excluded all evidence of the foreclosure proceeding in the former suit, on the ground that neither E. P. Black nor appellee were parties thereto.

Judgment was rendered in favor of appellee for the land, upon her paying to appellant the sum of $131.50 within twelve months from the date of judgment.

*W. P. McLean*, for appellant.

No briefs on file for appellee.

WEST, ASSOCIATE JUSTICE.— Under the special facts of this case, as disclosed by the record, there can be no question but that the wife can both institute and defend a suit when such action becomes necessary for the protection of herself or property, without the joinder of her husband. Ryan *v.* Ryan, 61 Tex., 474, 475.

The appellee was not a party to the judgment and decree, obtained by the appellant against Hargrove and his wife, for the foreclosure of the vendor's lien on the land in controversy.

Neither she nor her husband are named in, or bound by, the decree. Nor is the title, or claim, there admitted to be held by them to the land in question, in the least degree affected by the proceedings had by the appellant against Hargrove and his wife, so far as is disclosed by the record now before us for consideration.

In cases of this character for the foreclosure of a deed of trust, or a mortgage, or a vendor's lien, or like claim on real estate, it has been repeatedly held by this court that persons holding the relation to the subject-matter in controversy sustained by the appellee and her husband in this suit, are, in the very nature of things, necessary parties to the foreclosure suit and the decree there rendered. Beck *v.* Tarrant, 61 Tex., 404; Slaughter *v.* Owens, 60 Tex., 671 and 672; Davis *v.* Rankin, 50 Tex., 279; Schmeltz *v.* Garey, 49 Tex., 49; Lockhart *v.* Ward, 45 Tex., 227. There are many more authorities of our court to the same effect.

Without their presence in the suit the decree of foreclosure would be of no avail against them, as they would still hold the legal title until divested of it in some mode known to the law.

The judgment and decree offered in evidence was not binding on

appellee. She was a stranger to it. Neither she, nor her husband, were parties to it, and, as an inevitable consequence, are not bound by it.

The judgment of the district court is affirmed.

AFFIRMED.