Opinion by
Hurt, J.
§ 528. Parties; joinder of; rule as to; case stated. This suit was brought by Andrew Hollacher against M. Hollacher, to recover a debt due by promissory notes, and to foreclose a chattel mortgage given to secure the payment of said notes. Prior to the institution of the suit, other creditors of M. Hollacher had obtained judgments against him, and had caused the property .embraced’ in the mortgage to Andrew Hollacher to be sold, and plaintiff in error Dalian, and several others, had become the purchasers of said property, each purchasing portions of said property separately. Andrew Hollacher’s mortgage had been duly recorded prior to the levy upon and sale of the property. Dalian and the other purchasers of ,said property were made parties defendants in this suit, and separate judgments prayed for against them. Judgment was rendered in favor of Andrew Hollacher against M. Hollacher for the amount of the notes sued on, and for a foreclosure of the mortgage upon the property; and also in his favor against the purchasers of the mortgaged property severally, that they surrender the property so *476 purchased by them respectively, to the proper officer, to be sold, etc., or that, upon their failure to do so, execution issue against them for the value of the property purchased by them respectively, etc. Held: There was not a misjoinder of parties defendant. While it is true that the purchasers of the property were not parties to the notes or the mortgage, still they were directly interested in the property, or a portion thereof, embraced in the mortgage. Each and all of them had a right to redeem to the extent of the property held by them sev- ■ erally; and each had the right to contest the plaintiff’s right to recover on the notes and mortgage. [W. & W. Con. Rep. § 590; Hall v. Hall, 11 Tex. 526; Luckheart v. Word, 45 Tex. 227; 46 Tex. 381; Story’s Eq. § 1526.] Plaintiff in error submits that whilst it is competent and proper to sue all parties who are jointly interested in resisting the relief demanded, or jointly interested in the subject-matter of the suit, yet, parties whose interests are several and distinct, and who are not interested in the same identical subject-matter in controversy, cannot, against their consent, be made parties defendant. Now, whether the parties be jointly or severally interested, is not the question. Are they interested in the subject-matter, so that they could resist the claim of the plaintiff, or contest the binding force of the mortgage? We are of the opinion that their interest, though several, is of that character which makes them proper parties defendant in this suit.
§ 529. Purchasers of mortgaged property; liability of, to mortgagee. To entitle the plaintiff to recover against the purchasers, it was not required that he should allege and prove the insolvency of the mortgagor; nor to set forth the names of the creditors who caused the seizure and sale of the mortgaged property. [W. & W. Con. Rep. §§ 1217, 1218; Wootton v. Wheeler, 22 Tex. 338; Wright v. Henderson, 12 Tex. 43; Baker v. Clepper, 26 Tex. 629.] Nor was the mortgagee bound to notify the purchasers of his mortgage, as it had been duly recorded *477 prior to their purchase. The sale by the sheriff did not affect the rights of the mortgagee. [W. & W. Con. Rep. § 1218.]
February 11, 1885.
§530. Note not due, admissible in evidence when. One of the notes sued upon was not due at the time of the trial, by its terms, but it was provided in the mortgage that upon default of payment of either of the notes, the mortgaged property should be sold, and the proceeds applied to the payment of both notes. It was not error, therefore, to admit in evidence the note which upon its face was not due, because in fact, by the terms of the mortgage, it was due, and it was ■ proper to so treat it, and to render judgment upon it, and foreclose the mortgage lien for the amount of both notes.
Affirmed.