H. & T. C. R'y Co. v. William Larkin.

(Case No. 5596.)

1. DEPOSITIONS — CERTIFICATE.— The certificate of the officer taking depositions, and attached thereto, will be sufficient, if, when taken in connection with the caption which precedes the answers taken by the officer, it appears that the statute has been substantially complied with. Citing Carroll v. Welch, 26 Tex., 147.

2. EVIDENCE — EXPERT TESTIMONY.— In a suit to recover damages for personal injuries caused by an accident alleged to have been the result of the negligence of defendant, a witness was asked to state the extent of the accident, its cause, and to describe the thing that caused it. The witness was not an expert in matters relating to machinery, a defect in machinery being the alleged cause of the injury. Held, that while the question was objectionable in so far as it sought to elicit the opinion of the witness as to what caused the accident, yet as he stated also the facts on which he based that opinion, the failure to exclude the answer afforded no ground for reversal, since the jury was in possession of the evidence of machinists and experts, and could not have been misled by the opinion of the witness.

3. EVIDENCE — VERDICT — NEW TRIAL.— A mere preponderance of evidence against a verdict will not authorize the supreme court to reverse a judgment entered thereon, when the evidence in favor of it, taken by itself, is sufficient to sustain it.

4. CHARGE OF COURT.— While the giving of undue prominence in a charge to some special feature of the case may sometimes be so calculated to influence a verdict as to afford cause for reversal, the mere repetition in a charge, in a

suit for damages for personal injuries, of the abstract principle that the jury might consider the physical and mental suffering the plaintiff had endured, in estimating damages, cannot be regarded as calculated to affect a jury of ordinary intelligence and will afford no ground for reversal.

5. REMARKS OF COUNSEL ON ARGUMENT OF CAUSE — TRIAL BY JURY — PRACTICE IN DISTRICT COURT.— See this case for remarks of counsel on the argument of a cause held not to be so violative of rule 39 for the government of district courts as to require the reversal of the cause, and yet of a character improper to be used before a jury, especially in closing the case.

APPEAL from McLennan.   Tried below before the Hon. B. W. Rimes.

Appellee instituted this suit in the district court of McLennan county to recover damages for personal injuries alleged to have been received by him as the result of alleged defective machinery of a hand-car.   Appellee was, at the time of the happening of the accident in which he alleged that he received the injuries, in the employ of appellant as a section hand, and while in such employ, he with some thirteen or fourteen other section hands composing the section gang, were going to work upon the section upon which they were employed in the afternoon, riding upon the hand-car used for the transportation of section hands and their tools.   While so traveling over appellant's road the car received a jar or jolt that threw appellee, who was sitting on the front of the car, forward upon the track, and he thereby received the injuries for which he sued.   Appellee alleged that the accident was caused by defective cogs in the car-wheels constituting a part of the propelling apparatus.   The appellee's thigh was broken and his hip broken and crushed so as to render him a cripple for life, being unable to walk without crutches.

It was not denied on the trial below that there was an accident or that appellee was injured.   The case was brought up on exceptions to appellee's pleadings, evidence, the charge of the court, argument of counsel for appellee on the trial of the case, and the insufficiency of the evidence to establish a liability against appellant.

Judgment was rendered on the 25th of June, 1884, against appellant for the sum of $5,000.

The assignments of error were as follows:

1st. The court erred in overruling defendant's motion for a new trial because the depositions of the witness W. H. Larkin were allowed to be read in evidence before the jury.

13th. The court erred in overruling defendant's motion to suppress the depositions of the witness W. H. Larkin, as set forth particularly in defendant's bill of exceptions relating thereto.

2d. The remarks of plaintiff's counsel to the jury in his closing argument, as set forth in defendant's exceptions thereto, were improper and calculated to mislead the jury, and to prejudice the defendant.

3d. The evidence was insufficient to support the verdict, and did not show that the accident was caused by defective cog-wheels as alleged in the petition, or that defendant was in any way or degree negligent in providing or keeping in repair the machinery by which it is alleged the accident was caused, but it does appear that the defendant had used all due care in that regard; that if any defect existed, defendant was ignorant thereof, and under the evidence not liable therefor, and the plaintiff had reasonable opportuntiy to inform himself thereof.

4th. There was no evidence before the jury which warranted the finding that the machinery of the hand-car was in fact defective, and the verdict of the jury was contrary to the overwhelming weight of the evidence in that regard.

5th. The court erred in giving the jury the charge asked by the plaintiff as set forth in defendant's bill of exceptions thereto.

9th. The court erred in refusing charge number one, asked by defendant, because such charge was material in defining who were fellow-servants of plaintiff, and in reference to defendant's duty in regard to the hand-car.

14th. The court erred in overruling defendant's motion for a new trial.

15th. The court erred in charging the jury that defendant would be liable if, by the exercise of "proper" care and diligence, defendant could have known of the deficiency of said cog-wheels, because the charge does nor define what is "proper" care.

*Alexander & Winter*, for appellant, that the depositions should have been suppressed, cited: Gresley's Eq. Ev., pp. 78 and 149; H. & T. C. Railway Co. *v.* Shirley, 54 Tex., 143, 149.

That the remarks of counsel, shown in the opinion, should have caused a new trial, they cited: Rules District Court, No. 39; Willis *v.* McNeill, 57 Tex., 475; Texas & St. Louis R'y *v.* Jarrell, 2 Tex. L. Rev., 237; 3 Tex. L. R., 172; W. & W. Dig., sec. 1001.

That emphasizing by repetition the same charge prejudiced their case, and entitled them to a new trial, they cited: Powell *v.* Messer, 18 Tex., 406; Frisby *v.* Withers, 61 Tex., 142; Traylor *v.* Townsend, id., 145; Railway *v.* Ormond, 62 Tex., 277.

*Thos. Harrison*, for appellee.

Walker, P. J. Com. App.— The objections to the certificate of the notary public taking the depositions are not well taken.   The certificate, taken together with the caption which preceded the answers taken by the officer in question, must be considered together as a part of the officer's certificate, and if it appears from the whole that the statute has been substantially complied with, that shall be deemed sufficient.   Carroll v. Welch, 26 Tex., 147.   The caption identified the case by its style (although the corporate name of the defendant was abbreviated), and also by the number of the cause, and the court in which it was pending.   No technical form of certificate is prescribed by the statute.   A substantial though not a literal compliance with the directions of the statute is sufficient.   Ballard v. Perry, 28 Tex., 347.   It reasonably appears that the depositions were taken in McLennan county.   The certificate is headed "The State of Texas, County of McLennan."   The commission is directed to the proper officers of that county.   The notary taking the depositions describes himself as a notary public of that county, and affixes to it his official seal.   It will be presumed from these facts that the act in question was performed by him in the usual course of his official functions exercised in that county.

A formal and direct certificate of the specific fact that the depositions were taken in McLennan county is not required by the statute, and it appears from the certificate and commission, *prima facie*, that the commission was executed by the notary in that county.

In so far as the sixth interrogatory called for the mere opinion of the witness as to what caused the alleged disaster, as distinguished from a question asking him to state the facts that occurred in connection with, and which may have caused it, it was, in that form, objectionable.   The same observations apply to the seventh answer.

Appellant moved to suppress the sixth interrogatory so far as the same calls for an answer from the witness as to the cause of the alleged accident, because it seeks merely the opinion or conclusion of the witness, and also to suppress the answer thereto, because, so far as the answer relates to the nature of the alleged disaster, it is not responsive, and so far as he testifies as to the cause, he states his own opinion or conclusion only.

The sixth interrogatory requires the witness to state the nature and extent of the alleged disaster, and the cause of it, and to state and describe the thing that caused it.   The answer is: "The nature of the disaster was the breakage of the machinery of a hand-car, which disabled the car temporarily, and it was caused by the cogs of the cog-wheels not working properly.   The cause of the disaster

was defective machinery and the breaking of the cogs on the cog-wheels which are a part of the driving apparatus of the hand-car — these cogs. on these cog-wheels sometimes worked too tight, and sometimes too loose."

Appellant also moved to suppress the answer of the witness to the seventh interrogatory, because given in response to an illegal interrogatory, the interrogatory being based upon the answer to the sixth interrogatory, and also because the answer states conclusions of the witness as to defects, and because irresponsive and irrelevant.

The interrogatory is, "if you say the disaster was caused by defective machinery of hand-car, please describe the machinery, its location, and its use. State fully the nature and extent of the defect in machinery. State your means of knowledge."

To this the witness answered that the machinery was located under the bottom of the car floor. "There are two cog-wheels — one on the axle of the car-wheel, and one on a bar to which the lever is attached. These two cog-wheels work together and, with the lever, are the driving apparatus of the hand-car. The defect was that these cogs were not properly fitted to each other, but sometimes worked too loose. My means of knowledge were, that at the time of the disaster I was standing at or near the front of the car, which was loaded with laborers; the car was moving of itself on a medium down grade. I heard a crash from under the car like iron breaking and felt a jerk like stopping the car, and I was jerked towards the front end of the car, but caught the lever handles, and, with the help of others, stopped the car. I immediately looked under the car, and saw three or four of the cogs of the cog-wheel on the car axle were broken off. I had examined the driving apparatus of the car just before it left the section house, and the cog-wheels were not then broken."

Appellant further moved to strike out from said answer all that part beginning with the words "which was loaded," to and inclusive of the words "stopped the car," and likewise all that part beginning with the words "I had," to the end, because irresponsive and irrelevant.

The answers to these questions properly called for the facts that the witness detailed, but as to whether the accident was immediately induced by the fault of the machinery or not was a very material subject of inquiry and of contest. Aside, however, from the witness' statement that the accident was caused by the defects mentioned in the answer to the sixth interrogatory, the answers given to both interrogatories were proper evidence. The opinion of the

witness W. H. Larkin was not called for in the sixth interrogatory in the capacity of an expert, nor with any apparent intention to seek for his opinion as such in determining whether the accident resulted from any particular theory as to the cause which induced it, but the question sought rather to call the witness' attention to the incident, and to ask for the facts which attended it which, in the witness' opinion upon them, caused the accident to occur. In his answer he stated the facts and expressed his opinion as to what caused the disaster. It was a question for the jury to determine whether the accident was caused by the means which the witnesses supposed induced it. It was for them to determine from the facts the cause of plaintiff's injuries, and the evidence, *pro* and *con.*, placed before them the basis on which their conclusions were to be formed. The character of the machinery and the effect of its operation on the hand-car, and the results which its use would produce, were fully detailed in evidence by machinists familiar with such railroad conveyances, together with the evidence of witnesses who were on the hand-car when the accident happened, and it cannot, we think, be fairly supposed that, in determining the question, the jury could have been misled into attaching any importance to the expression used by the witness Larkin, in respect to what he considered to be the cause of the accident, used in the connection in which it was made, to the general inquiry as to what produced it. It was but the statement of the facts, with his construction of them, as to their effects in producing the accident; but they cannot fairly be supposed to have understood his opinion as being evidence before them upon which they might act and rely as upon that of an expert qualified to speak on such a question. The oral testimony of that witness disclaimed any skill or knowledge as a machinist or mechanic, and claimed to be nothing more than an ordinary laborer. There was considerable evidence given in the case, in behalf of the defendant, by witnesses skilled and experienced in machinery, and having knowledge particularly of the structure and operation of hand-cars, whose evidence may be regarded as that of experts, and the jury having that evidence before them, together with all the other evidence explanatory of the circumstances attending the accident, we think that, under the charge given them by the court, the jury were not probably influenced by the opinion of the witness Larkin as to the cause of the accident.

The other objections taken to the depositions are not, we think, well founded.

There was evidence tending to show that the hand-car was

defective in its machinery, and that the accident was caused thereby. There was, on the other hand, counter evidence on that subject. It was the province of the jury to determine that issue, and whether, under the evidence, the defendant was guilty of negligence in furnishing the car in question for the use of its servants.

The evidence showed that the cogs were broken at the time when the men were thrown from the hand-car. Whether the breakage occurred from an intrinsic defect in the machinery, or from the keg rolling off and under the car, was a disputed fact, concerning which there was evidence in support of either theory. This conflict, too, had to be reconciled by the judgment which the jury would pass on the evidence, and, upon the whole evidence, they found against the defendant. We cannot say that their finding is not supported by sufficient evidence. That the preponderance merely of evidence is in favor of the defendant in regard to the alleged defects in the hand-car, or as to whether the accident resulted from such, does not furnish a rule to the supreme court for setting aside the verdict after a new trial has been refused in the court below. The rule ordinarily applied in such cases is, that the verdict must want the support of evidence sufficient to maintain it; there must be such a want of evidence as would fail reasonably to satisfy the mind in favor of the conclusions of the jury. This rule has been illustrated by decisions of our supreme court too often to require a citation of them in this place.

It is not thought necessary to discuss at any length the grounds of error assigned which relate to the charge given at request of plaintiff, or that asked by the defendant and refused. As to the former, it is to be conceded that the charge asked for had been embodied already in the main charge, and that it was but a repetition in other phraseology of the same proposition as to allowing damages to plaintiff for physical and mental suffering. It is true, as objected in appellant's brief, that such a charge is calculated often to give an objectionable prominence to a matter of that kind, thus to renew the proposition in a separate additional charge; but, considering the subject-matter involved in the charge, we do not think the fault committed is of a character to require a reversal of the judgment. The instruction referred to involved merely an abstract rule as to the measure of damages, and not the application of any principle or rule for the determination of disputed facts or issues involved under the pleadings in evidence. A charge which, in the latter class of cases, by repetition gives an undue prominence to a legal proposition involved under them, often tends to mislead the jury, and in such

cases the probable effect of such charges is more closely scrutinized, and in a proper case will cause the reversal of the judgment. But the repetition merely of an abstract proposition like that presented here, to the effect that, in estimating the plaintiff's damages, if any he has sustained, the jury may consider the physical and mental suffering he has endured, cannot be fruitful of injury to the defendant with a jury possessed of ordinary intelligence.

The court did not err in refusing to give defendant's instructions relating to the doctrine of fellow-servants. The pleadings and evidence in the case did not, we think, warrant such a charge, and to have given it would have tended to have confused and perhaps misled the jury. The case made by the plaintiff in his petition relied on establishing the defendant's liability on the distinct ground of defectiveness of the machinery, and the issue did not involve the subject of fellow-servants.

The remarks of the plaintiff's counsel were not of a character to render them so obnoxious to rule 39, for the district courts, as to require a reversal of the judgment. The counsel, argumentatively and suggestively, said in his speech to the jury in his closing argument that he knew one case where the jury had given $15,000 for a broken hip, not as bad as plaintiff's. He subsequently, after being interrupted, and the defendant having excepted, said he would withdraw his remarks. He then stated, in remarks made to the court, not addressed to, but within the hearing of the jury, that the supreme court would change, and would not be so technical soon, and that defendant might take his exceptions if he would. The counsel then turned again to the jury, in the further argument of the cause, and referred to another case where, for injury to a brakeman, by a defective car, or falling in a ditch, and who had his arm amputated in consequence, he had recovered $12,000, and the case had been appealed and affirmed by the supreme court. To these remarks, defendant's counsel excepted, whereupon plaintiff's counsel said he would withdraw the remarks and ask the court to take away their force in the instructions to the jury.

Rule 39 requires counsel to "confine the argument strictly to the evidence and the arguments of opposing counsel." Departures from this rule, of a character calculated to prejudice the rights of the complaining party, will often result in a reversal of the judgment. See Willis & Bro. v. McNeill, 57 Tex., 475; T. & St. Louis R. R. Co. v. Jarrell, 60 Tex., 270, and other cases there cited.

The objectionable statements in this case made by plaintiff's counsel amounted to nothing calculated to arouse undue prejudice against the defendant. The counsel said, in his remarks by way of preface,

that "he could not say what would be a proper amount of damages in this case," and proceeded to make the statements before herein recited. Damages, in cases of this kind, are not fixed by conventional rules whereby any particular amount can, in the nature of the case, be determined by any logical process, and, in arguing a matter of this kind, analogies to like cases would naturally occur to the mind. But such cases elsewhere, nor even if occurring before the same tribunal, would not furnish a legal basis for the action of the jury. Such matters would, it is true, be outside of the evidence in the case. But, nevertheless, suggestions of the character of those made by counsel are not calculated to mislead from the line of the jury's duty, to be governed by the evidence and their own convictions, and are not in their nature calculated to arouse prejudice or passion against the defendant. Newspaper accounts of cases tried all over the world furnish information similar, every day, to that which plaintiff's counsel undertook to give to the jury. Yet it is not supposable that the reading of such statements by jurors has any effect upon their verdicts in cases similar to them.

The statements made by plaintiff's counsel cannot, however, be deemed legitimate and proper, especially in his closing argument. His disavowal of claim to any benefit from them, and withdrawal of them in the presence of the jury, must have had the effect to satisfy the jury that they were not to consider nor be influenced by the statements referred to. The remarks made to the court (not to the jury), regarding the supreme court's views in the past or the future, on questions of that kind, were also withdrawn, and it is rather a strained inference to suppose that the jury would be inclined to follow suggestions thus made by an attorney in addressing the court, rather than the law as the court would propound it to them in its charge. It is to be supposed that colloquies of a similar character are liable often to transpire between attorneys and the court on the discussion of legal questions in the presence of. the jury during the trial of causes, and in such cases it may fairly be presumed that the jury are not misled into the error of accepting the views expressed by counsel in their arguments as being the law of the case, rather than that which their relations to the court and the trial of the cause require them to look to the judge to expound for them.

Upon the whole case we are of opinion that there is no error in the record for which the judgment ought to be reversed, and report for its affirmance.

AFFIRMED.

[Opinion adopted June 26, 1885.]