MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. JENNIE C. HENNESEY.

Decided January 18, 1899.

**1. Parties—Wife May Sue Alone When Abandoned.**

Where the husband has permanently and wrongfully abandoned his wife and children and contributes nothing to their support, the wife may sue alone, and without showing any efforts made to ascertain his whereabouts.

**2. Railway Company—Notice—Passenger's Destination.**

A railroad company is chargeable with notice that the friends of a passenger will not be at the station to meet her when she arrives the day after that on which she would have arrived but for the company's breach of its contract in carrying her past her station, where she informed the conductor when she boarded the train that she had a conveyance in waiting and desired to be put off the cars at her station. Railway v. Boyles, 11 Texas Civ. App., 522, distinguished.

**3. Proximate Cause—Illness of Passenger.**

The negligence of a railway company in carrying a middle-aged woman past her station, making it necessary for her to sit up all night in cars into which cold air was admitted at times, and to change cars and leave the train at a very early hour

on a cold morning, may properly be found by the jury to have been the proximate cause of an illness immediately following such breach.

### 4. Charge of Court.

The refusal of a requested charge is not error where substantially the same charge has been already given.

### 5. Deposition—Defective Certificate.

A notary's certificate to the depositions of several witnesses is not in substantial compliance with the statute where, although by reference to the caption it appears that each witness was duly sworn before the deposition was taken, the statement with reference to subscribing and swearing to the answers is merely that the depositions were "sworn and subscribed to," since such statement would be true if only one witness had sworn and subscribed.

Appeal from Waller. Tried below before Hon. T. S. Reese.

*Baker, Botts, Baker & Lovett,* for appellant.

Fly, Associate Justice.—The appellee sued to recover damages arising from being taken past her destination by appellant, and recovered, in a trial by jury, the sum of $1000.

The grounds of negligence were, that appellee was carried past her destination on a cold, dark night; that the conductor spoke to her in an insulting manner at Sealy, and ordered her to get off the train; that the cars were sometimes hot and at other times cold, whereby she contracted neuralgia; and that had she been permitted to get off at Cane Island on the night she left Houston she would have been met by some one with warm wraps, whereas when she returned on the next morning she became very cold, and there being no one to meet her, she was conveyed to her home in a helpless and suffering condition.

It was established by the proof that on December 13, 1894, appellee was a passenger on appellant's train, having purchased a ticket from Houston to Cane Island. The train did not stop at Cane Island, but ran by it, and appellee did not discover this fact until a distance of four or five miles had been traveled, when she requested the conductor to back the train to Cane Island. He informed her that he could not do that, but would take her to Brookshire, the next station. The night was dark and very cold, and when Brookshire was reached the conductor told appellee she had better go to Sealy. When the latter place was reached the conductor told appellee to get off, but it being very dark and she unacquainted with the place, she did not desire to get off, and the conductor told her he would take her to Smithville, where she would meet the south-bound train, on which she could return to Cane Island. She went to Smithville, took the returning train, and at 6 o'clock on the morning of the 14th arrived at Cane Island, where she suffered greatly from the all-night ride on the train and exposure. In deference to the verdict, we find that the act of appellant in carrying appellee beyond her destination was the proximate cause of the sickness that followed her trip.

It was alleged in the petition that appellee "is a married woman, the wife of James Hennesey, who more than two years ago voluntarily aban-

doned her with the avowed intention of permanent abandonment, then leaving her in charge, care, control, support, and management of her three minor children, and has not since returned or contributed anything whatever to her or their support, and that her said three children and herself are wholly dependent upon her own care and exertion for sustenance and support; and therefore she prays that she be permitted to prosecute this suit in her own name and for her own benefit." She further alleged that her husband was not a resident of Texas and had been absent from the State for a time prior to the filing of the suit, and that his whereabouts were unknown to appellee, and had been since his abandonment of appellee, although she had heard that he was in the State of Illinois. Demurrers were presented to the petition on the ground that appellee had not alleged an effort to locate her husband, or that he had refused to join her in the suit, or that she was without means of support, and that it was necessary to bring the action to collect the money as a means of support. The trial court did not err in overruling the exceptions. "That there are cases where the wife, being abandoned by the husband, her power to manage and control the community property, and, of necessity, to enforce her rights by suit, is certainly the settled law in this State." Wright v. Hays, 10 Texas, 132; Fullerton v. Doyle, 18 Texas, 14; Kelley v. Whitmore, 41 Texas, 647; Ezell v. Dodson, 60 Texas, 331; Ryan v. Ryan, 61 Texas, 474; Black v. Black, 62 Texas, 296; Norton v. Davis, 83 Texas, 32; Railway v. Griffith, 12 Texas Civ. App., 631. We have seen no authority for the proposition that when the wife has been permanently abandoned by her husband, that as a condition precedent to her right to sue she must allege and prove that she made diligent effort to locate him. If he has abandoned her permanently without fault on her part, and she was left to support the family by her own efforts, she had the right to sue whether she knew where her husband lived or not. We can not see how the allegation that her husband had not contributed anything for two years to the support of the family, and that the maintenance and support of the family devolved upon the wife, could be made stronger. The allegations gave the right of action and the evidence supported them.

It is alleged in the petition that immediately after entering the car appellee delivered her ticket to the conductor, and notified him that she had a conveyance in waiting and desired to be put off the cars at Cane Island station. It is too plain to require comment, that an exception to the petition on the ground that the allegation that there was no one to meet her at the station, could not bind appellant, because there was no allegation that appellant knew that there would be no one there to meet her when she arrived on a different day from the time she would have arrived had appellant complied with its contract of carriage. Appellant was fully charged with notice that the family of appellee, by reason of its negligence, could not have any knowledge of when appellee would arrive and would not perforce meet her. And appellant was charged with the knowledge that the weather was severe and appellee was thinly clad,

and would suffer by reason of not having her friends to meet her. The case of Railway v. Boyles, 11 Texas Civil Appeals, 522, is not in point. In that case there was no allegation of knowledge on the part of the carrier of the circumstances surrounding the plaintiff, and the facts were not such as to charge the carrier with knowledge of the inconvenience that would result to the passenger. Without an expression of opinion as to the soundness of that opinion, we merely say that it is not applicable to the facts of this case.

The question in this case is, ought the appellant to have foreseen that as a result of keeping a middle-aged woman up all night in cars into which cold air was admitted at times, and who was compelled on a cold night to change cars and leave the train at a very early hour in the morning, her health might be seriously affected? We believe it ought. We believe there was an unbroken connection between the acts of appellant and the sickness, and that the jury were justified in responding to the admirable charge of the court, which presented every issue in clear terms, that the acts of appellant were the direct and proximate cause of the serious sickness of appellee. As said by Judge Stayton in Railway v. Mussette, 86 Texas, 708: "It frequently becomes difficult to determine the proximate cause of an injury, but it is ordinarily a question of fact to be determined by the court or jury trying a cause, whose finding will not be reversed on grounds purely theoretical." It was admitted by appellant that it had breached its contract of carriage with appellee, and there was abundant proof that immediately following such breach appellee became sick, and we can not hold that there were no facts to justify the jury in finding that her sickness was the direct result of the unlawful act of appellant.

Complaint is made in the twelfth assignment of error that the court erred in not giving a charge requested by appellant, as follows:

"You are charged, that should you believe from the evidence that the plaintiff has suffered any pain or is injured and afflicted, as she alleges in her petition, still, should you believe that such pain and suffering and injuries, if any, were due to and brought about by the lacerated condition of her mouth and jaws by reason of her having a number of teeth extracted, and had it not been for such condition she would not have suffered any of the pain or sustained the injuries of which she complain, then if you so believe you will find for the defendant, because it appears from the uncontroverted evidence that the defendant did not know of the condition of plaintiff's mouth or jaw, and could not, therefore, reasonably foresee that its act in carrying her by her station would result in pain or the injuries complained of by her."

Practically the same charge was given at the request of appellant and no good purpose would have been subserved by repeating it.

The fourteenth and fifteenth assignment of error are totally without merit. The charge of the court does not assume that injuries were inflicted upon appellee, but the utmost care is exercised in leaving every controverted fact to be passed upon by the jury.

The eighth and ninth assignments of error, attacking the certificate of the officer to the depositions of several witnesses, can not be sustained. After stating the style and number of the case, the officer certifies: "By virtue of the waiver of commission indorsed on the front of the direct and cross-interrogatories hereto attached, signed by the attorneys for the defendant in above entitled and numbered cause, * * * I caused to come before me in Fort Bend County, State of Texas [giving names of the witnesses], the witnesses whose names appear in the notice hereto attached, they being residents of said county and State, who being by me duly sworn, separately and individually, to speak the truth, the whole truth, and nothing but the truth, in answer to the several interrogatories and cross-interrogatories in said cause propounded to them, proceeded to answer each separately and individually said direct and cross-interrogatories," etc. This was followed by the answers made by the witnesses, and to these was appended the following certificate: "Sworn and subscribed to before me this the 25th day of January, 1897. J. M. Cossil, Justice of the Peace and ex officio Notary Public in and for Fort Bend County, Texas." The law requires that the answers be reduced to writing, and the officer shall certify that the answers of the witness were signed and sworn to by the witness before him. The certificate of the officer shows a substantial compliance with the statute, and that was all that was required. Carroll v. Welch, 26 Texas, 147; Ballard v. Perry, 28 Texas, 348; Railway v. Larkin, 64 Texas, 454; Bush v. Barron, 78 Texas, 5.

If the damages appellee swore she sustained were caused proximately by the acts of appellant, the damages awarded are not excessive.

There is no error requiring a reversal, and the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In the case of San Antonio & Aransas Pass Railroad Company v. Gillum, 30 Southwestern Reporter, 697, decided by this court, the suit was instituted by a married woman, who alleged "that plaintiff had never been divorced from her said husband, but from whom she has been living separate and apart for a long time, to wit, more than two years before this suit was brought; and that about two years ago the said Gillum abandoned plaintiff, and has lived away from her ever since, and is not now a resident of Bexar County." This court said in that case: "We do not deem it of importance, in determining this question, whether the claim for damages for the death of her son was plaintiff's separate property or community. The word 'abandoned,' as used in the pleading, is equivalent to an allegation that she had been deserted by her husband, and this is its primary significance. We think that the exception was properly overruled, and that it was competent, under the allegations, to

prove that the husband was living in a foreign country." A writ of error was granted in the case, but the Supreme Court affirmed the decision, approving every portion of the opinion of this court. 31 S. W. Rep., 356.

A careful investigation of the certificate to the depositions of a number of material witnesses has convinced us that the certificate of the officer taking the depositions, construed in connection with the caption, both of which are set forth in our former opinion, is insufficient under the rulings of the Supreme Court. By a reference to the caption it will be seen that each witness was duly sworn before the depositions were taken, but it does not appear either in the caption or in the certificate that each one of the witnesses swore to and signed the answers he had given. The certificate to the effect that the depositions were "sworn and subscribed to," would be true if only one witness had sworn and subscribed. There is no certificate to the effect that each of the witnesses swore to and signed the answers made by him, and we think this omission is fatal to the depositions, and the motion to suppress them should have been sustained. For that reason the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*