## EL PASO ELECTRIC CO. v. DE GARCIA.
### (No. 2178.)

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1928.

Rehearing Denied Nov. 1, 1928.

Goggin, Hunter & Brown, of El Paso, for appellant.

Isaacks & Lattner, of El Paso, for appellee.

PELPHREY, C. J. Appellee filed this suit in the Sixty-fifth district court of El Paso county, Texas, for damages growing out of personal injuries alleged to have been received by her in a collision between two street cars belonging to appellant. Appellant answered by general demurrer, special exceptions, and a general denial. The case was tried to a jury, and the following verdict was returned:

"We, the jury in the above styled and numbered cause, find for the defendant. One thousand dollars.

"[Signed] J. R. Black, Foreman."

Later in the afternoon of the same day, the jury was recalled and brought in a verdict reading:

"We, the jury in the above styled and numbered cause, find for the plaintiff. One thousand dollars.

"[Signed] J. R. Black, Foreman."

Upon the last verdict, the court rendered judgment for $1,000 in favor of appellee, and from that judgment this appeal is taken.

### Opinion.

Appellant contends that the verdict was contrary to the evidence and excessive; that the court, having accepted the first verdict and discharged the jury, erred in recalling the jury and allowing it to change its verdict; that the husband of appellee was a necessary party, and the court erred in not sustaining the exception and demurrer raising the question; that the court erred in overruling the special exception of appellant to that part of appellee's petition in which she alleged:

"That in said collision she received blows and wounds that caused internal injuries, both to her bowels and kidneys."

■■■ Appellant's contention that the evidence is insufficient to support the verdict, and that the verdict is grossly excessive, is, we think, without merit. Appellee testified that her stomach was hurt; that her upper lip was cut to such an extent as to need sewing up; that both her legs were injured, one bruised and the other cut, leaving a scar; that her left side pained her very much; that all her teeth were loosened by the blow on her mouth; that her nose bled; that her cheek was bruised; that for three days she passed blood from her bowels and through her urine; that she was in bed three weeks,

and unable to return to her work for a month and eight days; that she has been, and still was at the time of the trial, unable to perform her work in the same manner as before the accident; that she cannot do washing, as the leaning over causes her pain in her head and face; that her teeth, at the time of the trial, were still loose on the left side, and that she could not masticate her food.

Dr. E. B. Rogers, the physician who attended her, gave testimony which tended to contradict her testimony as to the extent of her injuries, but both these witnesses were before the jury, and it was in their province to decide which to believe. We think the evidence of appellee, if believed by the jury, was amply sufficient to sustain the verdict, and that it was not excessive. Appellant's first assignment is accordingly overruled.

█ The next point is that the court erred in recalling the jury to correct its verdict. The jury returned the following verdict:

"We, the jury in the above styled and numbered cause, find for the defendant. One thousand dollars."

And later in the afternoon of the same day they were recalled, retired by the court to examine their verdict, and requested to advise the court whether the verdict was the one they wished to render. The jury, after being retired, reported to the court that they had gotten hold of the wrong paper, and that the verdict should read "plaintiff," instead of "defendant." The jury was again retired, and returned into court another verdict as follows:

"We, the jury in the above styled and numbered cause, find for the plaintiff. One thousand dollars."

Article 2207, Revised Statutes 1925, permits the reforming of informal or defective verdicts at the bar. Verdicts cannot be corrected in matters of substance after the jury has been discharged, but in a case such as the one before us, we think the court would be justified in recalling the jury for the purpose of correcting a mistake which was patent on the face of the verdict itself. There can be no doubt but that the jury made a mistake in the verdict first returned by them.

Appellant in this case, by its attorney in oral argument, admitted its liability for some amount, filed no cross-action, and a verdict for it for any sum could not have been found upon the pleadings, or any issue in the case. The record does not show what the jury meant by saying that they had gotten the wrong paper, but we think we are justified in concluding that the court had furnished the jury with forms of verdict, as is done by many of our courts, and that the jury merely wrote the amount they wanted to find on the form finding for the defendant. We are firmly of the opinion that their action was purely a mistake, and that the action of the court in permitting them to correct a mistake so patent was authorized by article 2207, supra.

█ Appellee alleged that she had a husband living, from whom she had never been divorced, but that he had permanently abandoned her more than two years before she filed this suit; that since that time he had not either lived with or supported her, and had not during that time recognized her as his wife; that he had left the United States and resided somewhere in the republic of Mexico; and that he cannot be procured to join her in the suit. Appellant leveled a special demurrer at her petition, on the ground that no sufficient reason had been set up or shown by her for her husband's failing to join her in the suit.

In this state, where a wife has been abandoned by her husband, she has power to manage and control the community property, and, of necessity, to enforce her rights by suit. Missouri, K. & T. Railway Co. v. Hennesey, 20 Tex. Civ. App. 316, 49 S. W. 917; Wright v. Hays, 10 Tex. 132, 60 Am. Dec. 200; Fullerton v. Doyle, 18 Tex. 14; Kelley v. Whitmore, 41 Tex. 647; Ezell v. Dodson, 60 Tex. 331; Ryan v. Ryan, 61 Tex. 474; Black v. Black, 62 Tex. 296; Norton v. Davis, 83 Tex. 32, 18 S. W. 430. We think the allegations were sufficient as against the demurrers, and the trial court committed no error in overruling them.

█ Appellant's fifth point relates to the court's overruling the following special exceptions to appellee's petition:

"(b) The allegation, on page 2, that the plaintiff was 'injured internally and crippled,' is too vague and indefinite to advise the defendant of what it will be required to meet, or what the plaintiff will seek to prove, and the plaintiff should be required, sufficiently and in detail, to show wherein she was injured internally and crippled, and the nature of such injuries.

"(c) The allegation, 'that in said collision she received blows and wounds that caused internal injuries, both to her bowels and kidneys,' is too general, vague, and indefinite, and not specific enough to advise the defendant of what plaintiff will seek to prove, or what it will be required to meet, and the plaintiff should be required to set out the nature of such injuries, specifically and in detail."

Appellee contends that this proposition should not be considered, for the reason that it is not presented in the brief in accordance with the rules. While it may not be entirely in accord with the rules of briefing, we will, nevertheless, give it consideration. Taking appellee's petition as a whole, we find her alleging internal injuries to her bowels and kidneys, and that as a result of such injuries she passed blood from both organs. The internal organs of the human body are not visible, and injuries to them are judged mostly by after effects, even by the medical profession, and certainly appellee should not be required to ascertain and allege in just what particular her bowels and kidneys had

been injured, a thing which might not be possible of ascertainment by a skilled physician, aided by all the devices known to the medical profession.

We think the allegations were all that could reasonably be asked, and that appellant was advised that appellee was seeking to recover for injury to her bowels and kidneys, which had caused blood to pass from both of them. We cannot see, under all the circumstances, how she could have been much more specific, and certainly the ordinary person would have no means at hand of determining the exact nature of injuries to internal organs. We are of the opinion that the trial court's action in overruling the exceptions was correct.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.