L. S. EZELL v. B. H. DODSON.

(Case No. 1519.)

1. PARTIES — HUSBAND AND WIFE.— A mere separation of the husband and wife, and his refusal to join her in the action, is not sufficient to authorize the wife to prosecute alone a suit to recover damages for an assault and battery committed upon her during coverture.
2. SEPARATE PROPERTY.— No property acquired by the wife during coverture becomes her separate estate except such as is derived by gift, devise or descent; all acquired in any other manner is community property.
3. PARTIES.— The exceptional cases in which the wife has been allowed to maintain an action for the community estate have been where she had been abandoned by her husband and was destitute of the means of support, unless she resorted to the community property.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

*R. H. Capers*, for appellant.

*Hunter, Putnam & Crawford*, for appellee.

WILLIE, CHIEF JUSTICE.— This suit was brought by the appellant, a married woman, to recover damages for an assault and battery alleged to have been committed upon her by the appellee. Her husband was not a party plaintiff to the action, and as an excuse for not joining him in the suit she alleged that her husband and herself were living separate and apart from each other, in different counties of this state, and that he refused to join her in the prosecution of the suit. She therefore asked the court to be allowed to prosecute the suit alone and in her own name.

Among other pleadings filed by the defendant were two special exceptions, setting up, first, that the suit could not be maintained by plaintiff, but by her husband alone; second, that the suit was for community property, and that J. J. Ezell, the plaintiff's husband, was not

joined in the suit. These exceptions were sustained by the court, and the plaintiff declining to amend the cause was dismissed. The plaintiff has brought the case to this court by appeal.

The question for our decision is: Can a married woman living separate from her husband sue, without joining him as a co-plaintiff, to recover damages for an assault and battery committed upon her during coverture, her husband refusing to join in the suit?

The right to sue for damages for a tort is a chose in action, and property within the legal sense of that term. 2 Bishop on Married Women, § 271; C., B. & Q. R. R. Co. v. Dunn, 52 Ill., 260.

Whilst at common law all choses in action, accruing to the wife during coverture by contract, belonged to the husband, such as she derived by reason of a tort remained her individual property. As under that system the husband was compelled to join the wife with himself in all suits to recover her separate estate, he made her plaintiff in an action for damages for a post-nuptial tort, whereas, in a suit to recover upon a note or bond acquired by her during marriage, he sued alone, as it was his own property. Many of the American states have made all property acquired by the wife during coverture in any manner whatever her separate estate. Hence in those states, upon the above principle, she is held a necessary party to a suit upon a chose in action acquired by a tort to her person or property; and when under the laws and decisions of such states she is allowed to maintain alone an action to recover her separate estate, she can sue for damages in tort without joining her husband. See C., B. & Q. R. R. Co. v. Dunn, supra; Berger v. Jacobs, 21 Mich., 215.

Our statute prescribes who shall be parties plaintiff in suits to recover the separate property of the wife; and if the right to sue for injuries to the wife, caused by an assault and battery committed upon her person, was by our law her separate estate, as at common law, the proper parties plaintiff would, under the statute, be the husband and wife jointly, or if he refused to join, the wife could sue alone.

But of the property which a wife may acquire during marriage, none becomes her separate estate except such as is derived by gift, devise or descent; all acquired in any other manner is community property.

Of course such property as is derived by reason of a personal trespass committed upon her falls under neither of these heads of gift, devise or descent, and necessarily forms part of the acquits and gains of the marital partnership. Our statute does not expressly give to the wife the right to sue alone for the community

estate in any case whatever, but decisions of this court heretofore made have allowed her in certain exceptional cases to exercise that privilege, or at least to control the community estate, which would imply a right to sue for its recovery. These exceptions have thus far been confined to cases where the husband has abandoned the wife for a considerable period of time, and she was destitute of the means of support unless she resorted to the community property, in which she had an equal interest with himself. Wright *v.* Hays, 10 Tex., 130; Cheek *v.* Bellows, 17 Tex., 613; Fullerton *v.* Doyle, 18 Tex., 4.

On the other hand, when the desertion is on her part, so far from the law allowing her any control of the community estate by reason of the separation, it deprives her of all right to an interest even in the homestead, to which she would otherwise be entitled under the constitution. In such an event the husband may dispose of it without her consent expressed in any manner whatever. Trawick *v.* Harris, 8 Tex., 312; Earle *v.* Earle, 9 Tex., 630.

Hence, the right of the wife to exercise such acts of control over the community estate whilst living apart from her husband depends in a great measure upon the circumstances under which the separation took place. If he has abandoned her and refused her a support, she must be allowed to derive that support from their common property. If she has wantonly deserted him and he has not refused to provide for her maintenance, she should not by her own wrong acquire a privilege which she could not enjoy when faithfully performing the duties of a wife.

The petition in this case does not give us the circumstances of the separation, or the length of its continuance. It might have been of very recent occurrence, and we cannot presume as to the causes which produced it, or charge one party with fault rather than the other. It is only stated that the parties are living separate, and that the husband refuses to join in the suit.

The mere fact that husband and wife are not living together does not authorize the wife to sue alone in any case where she could not thus sue if they were not separated. The refusal of a husband to become a party to an ordinary suit to recover community property would not give the wife the power to sue alone, when they were living together, and he was exercising rightful control over the common estate. She could not, contrary to his wishes, assume control over such estate and bring a suit for its recovery, and his refusal to join in such an action would be sufficient to defeat it. An ordinary separation, and much less one caused by her own unprovoked

abandonment, would not give her more rights in this respect than she would possess if living amicably with her husband.

Ordinarily there would be no difference between an action upon contract and one upon tort, in reference to the wife's right to bring the suit without joining the husband as plaintiff, as the one is as much community property as the other. Cases might, perhaps, arise where the wife could, under their peculiar circumstances, sue alone for a trespass to her person, whether she lived with her husband or apart from him. A less aggravated case of abandonment on his part might be sufficient in some instances to give her this right; or if he was accessory to the outrage, or in other cases which might be mentioned, the wife would doubtless be allowed to maintain the action alone. It will be sufficient to decide the law of such cases when they arise. This is not one of them, and it is only necessary for us, for the purposes of the present suit, to hold that a mere separation of the husband and wife, and his refusal to join her in the action, is not sufficient to authorize the wife to prosecute alone a suit for assault and battery committed upon her during coverture. The court rightly sustained the exception of defendant, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 13, 1883.]