SAN ANTONIO & ARANSAS PASS RAILWAY CO. v. MRS. F. W. FLATO ET AL.

No. 1081.

1. **Railway Company—Liability for Acts of Receiver—Necessary Pleadings.**

In an action against a railway company for damages to property resulting from the construction of a switch track, it was shown by the evidence that the switch was built by a receiver of the railroad; that the receiver, prior to the filing of the suit, had turned the property back to the company without sale, and had expended in betterments upon it a large amount of revenues derived from its operation while in his hands, but none of these facts were averred in the pleadings. Held, that a judgment against the company was not warranted by the pleading, and the fact that proof of these matters was made and admitted without objection would not change the rule requiring that a judgment must be supported by the pleadings.

2. **Separate Property of Wife—Parties—Joinder of Husband and Wife.**

Damages recovered for injury to the separate real estate of the wife are her separate property, and a suit therefor is properly brought in the name of the wife, joined by her husband.

3. **Same—Res Judicata—Former Suit by Husband.**

A suit for damages to the real estate of the wife, brought by the husband alone, and in his own right, cannot be pleaded in bar of a subsequent action brought by the husband and wife for such damages, in the right of the wife.

APPEAL from Fayette. Tried below before Hon. H. TEICHMULLER.

*John C. Duncan,* for appellant.—1. The court erred in overruling the defendant's plea in abatement, based upon the improper joinder of parties plaintiff. Because, the petition showed upon its face, that the cause of action as sued for, and recovered by the plaintiff, was the common property of the plaintiff, and the husband was the proper party to sue for the same.

2. A trespass upon the person of the wife being community property, the damages for the personal discomfort of the husband and wife while:

residing upon the separate property of the wife, and the incidental injury of said separate property which affects its rental value and occupancy only is community. The separate property of the wife is not in the eyes of the law held more sacred than the person of the wife.

3. A railway company is not liable for the negligence of its receivers, ipso facto, and has only been so held when it has been alleged, and proved on the trial that earnings of the railway while in the hands of the receivers has been invested in betterments of the property which has been turned over to the company. Railway v. Hoffman, 18 S. W. Rep., 742.

4. When a matter is pleaded and not proven it is the same as though it had not been pleaded, and where a matter has been proven and not pleaded, it is the same as though not proven.

5. In this State the husband may sue alone for the recovery of any separate property belonging to the wife. And also to recover damages occasioned by injuries to such property. Railway v. Medaris, 64 Texas, 93. The husband can sue alone and it is the better practice. Lee v. Turner, 9 S. W. Rep., 150.

*W. S. Robson* and *J. F. Wolters,* for appellees.—1. The court did not err in refusing appellant's charge No. 1. All matters in confession and avoidance in plaintiff's cause of action must be plead by defendant. It was imperative upon appellant to plead specially that it was in the hands of receivers at the time the injuries were alleged to have been committed, if they desire to make them a defense. Railway v. Hoffman, 18 S. W. Rep., 742; Railway v. Faires, 26 S. W. Rep., 82.

2. The court did not err in refusing to give charge two requested by appellant. The parties in the suit, filed in 1890, are not the same as in the present action, and the subject matter in the two suits is not the same. 56 Texas, 176, 198; Read v. Allen, 64 Texas, 93; 61 Texas, 255; Sayles' Civ. Stats., art. 2851.

PLEASANTS, Associate Justice.—This suit was instituted by the appellee, Mrs. Flato, and her husband, F. W. Flato, in the District Court of Fayette County, April 28, 1893, to recover alleged damages to their residence in the town of Flatonia, resulting from the erection by defendant company, in 1892, of a spur to its main track on Seventh street, in said town, just opposite to the residence of appellees. The railroad was built through the town in 1887. This spur was built by the receiver of the road, and not by the company. The facts show that, at the institution of the suit, the defendant company was in possession of its road and operating the same, the property having been restored to it without sale; and that the revenues derived from the operation of the road while in the hands of the receiver were by him, in large measure, expended in betterments, said betterments aggregating not less than $100,000. But these facts are not alleged on the part of the plaintiff, nor do they appear in the pleadings of the defendant. The facts further

show that the residence of the plaintiffs was the separate property of the wife. The defendant, besides several demurrers, interposed various other defenses; and, among others, a plea in abatement, and the plea of res adjudicata. Upon trial of the cause, verdict and judgment was rendered for plaintiffs for $500, with interest thereon at 6 per cent. per annum from June, 1892; and the defendant's motion for new trial being denied, defendant appealed to this court.

The following charge was requested by the defendant, and refused by the court:

"You are instructed that the undisputed evidence shows, that the injury was done by the receivers of the defendant Railway Co. while its road was in their possession, and there is no pleading upon which the defendant company could be held liable, and you will find a verdict for defendant."

The court erred in refusing this charge, and the judgment of the court must be reversed and the cause remanded for another trial. It is elementary, that a judgment must have for its basis not only facts, but averments, and that a judgment rendered, for which there is no warrant in the pleadings of the litigants, will be reversed upon complaint of the party against whom it has been rendered. Nor does the fact that the party complaining admitted the existence of facts upon the trial, which, had they been pleaded, would have authorized the rendition of the judgment, constitute an exception to the rule, which requires that a judgment must be consistent with and be supported by the allegations of the pleadings. In this case, the plaintiffs complain that their residence was damaged by the wrongful act of defendant; but the evidence is, that the act complained of was an act done by the receiver of the defendant corporation; while the law is that the defendant is not answerable for the acts of its receiver, except upon certain contingencies, which must be alleged and proved, to allow a recovery against the corporation.

There was no error in overruling the defendant's plea in abatement. There was no misjoinder of parties. The property charged to have been damaged was the separate property of Mrs. Flato, and any recovery for damages to that property would be no part of the community estate of the plaintiffs, but would go to the corpus of Mrs. Flato's separate estate. Nor did the court err in overruling the plea of res adjudicata. The former suit was instituted by the husband in his own right, and not in that of his wife; had that suit been tried upon the facts, and had it been developed upon the trial that the property was Mrs. Flato's, and not community property, or the separate property of the husband, no recovery could have been had for either Mr. or Mrs. Flato, as there would have been a clear variance between the allegata and probata. Hence, it is evident that this suit and the former suit by F. W. Flato against defendant are not suits between the same parties and the plea of res adjudicata was therefore properly rejected by the court. It is further evident from the disposition of the former suit, that it was not a suit by or for Mrs. Flato, or her coverture would have

defeated the plea of limitation which was sustained against her husband, the plaintiff in the suit. We deem it not necessary to notice other assignments made by appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 9, 1896.