NALLS v. McGRILL et al.   (No. 1574.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1916.)

1. NOVATION ⬉5—SUBSTITUTION OF PARTY.
    The grantee of a widow, who agreed to support her for life, she thereafter agreeing to his sale to a third person and the latter's substitution as the party who was to support her, was relieved from his obligation and was not liable to the widow for his grantee's breach.
    [Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. ⬉5.]

2. JUDGMENT ⬉251(1)—SUPPORT BY PLEADINGS—NECESSITY.
    In a suit for breach of contract, where plaintiff pleaded no facts entitling her to a personal judgment against a defendant, though the evidence showed that he was personally liable to her, such a personal judgment could not stand, since evidence cannot form the basis of a judgment, though admitted without objection, in the absence of appropriate pleadings.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ⬉251(1).]

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Suit by D. E. McGrill against W. A. Smith and B. S. Waldrop, in which S. A. Nalls intervened. From a judgment for plaintiff against Smith and Waldrop, and for the intervener against Waldrop, the intervener appeals. Affirmed.

R. D. Allen, of Sulphur Springs, for appellant. J. A. Dial, of Sulphur Springs, for appellees.

HODGES, J. In January, 1912, the appellant, S. A. Nalls, was the owner of a tract of 38½ acres of land situated in Hopkins county. She was an aged widow, and was desirous of making some arrangements for securing her support and maintenance during the remainder of her life. On the 29th of January of that year, she conveyed her land to W. A. Smith, one of the appellees on this appeal. The following is the consideration recited in the deed:

"I, S. A. Nalls, of the county of Hopkins and state of Texas, for and in consideration of one W. A. Smith taking me to his home and providing for me and taking good care of me the remainder of my life, have granted, sold and conveyed, and by these presents," etc.

On December 28, 1912, Smith conveyed the same land to B. S. Waldrop in consideration of two notes for $105 each executed by Waldrop and payable to Smith. In each of the notes a vendor's lien was reserved to secure their payment. These notes were afterwards transferred to the appellee McGrill, who, on the 9th of January, 1915, filed this suit against Smith and Waldrop asking for judgment and the foreclosure of his vendor's lien. The answers of Smith and Waldrop presented no contest to the suit of McGrill. Before the trial the appellant intervened, and alleged, in substance, as follows: That she had theretofore conveyed the land upon which McGrill claimed a lien to W. A. Smith in consideration of his undertaking her support and maintenance for the remainder of her life, and upon his representations that he would faithfully carry out that undertaking; that Smith had failed and refused to perform his agreement, and had, without her knowledge or consent, sold the land to B. S. Waldrop; that both Waldrop and McGrill had both actual and constructive notice of the consideration to be paid by Smith, and the condition upon which he acquired the title. It was further alleged that Smith entered into the agreement with the intervener to support her with no intention of performing it, but with the fraudulent design of depriving her of her land. She prays for a recovery of the land and a cancellation of the deeds from her to Smith and from Smith to Waldrop, and that portion of the note held by McGrill which expressed a lien upon her land, as clouds upon her title. By way of alternative pleading, she alleged her age and life expectancy, and that $10 per month was reasonably necessary for her support the remainder of her life, and asked judgment against Smith alone for $1,020 as damages and a foreclosure of an equitable lien on the premises conveyed. She also asks that her lien be declared superior to the vendor's lien asserted by McGrill. In a trial before the court without a jury, personal judgment was rendered in favor of McGrill against Waldrop and Smith for the amount of the notes, together with the foreclosure of the vendor's lien upon the land. Judgment was also rendered in favor of the appellant against Waldrop for $230 as damages, and a foreclosure of a lien upon the same tract of land; but this lien was subordinated to that held by McGrill. The intervener alone has prosecuted an appeal.

It is urged that the court erred in refusing to render a personal judgment in appellant's favor against Smith for the damages resulting from his failure to furnish her the support contracted for. According to the testimony of Smith and Waldrop, the appellant agreed at the time the transaction occurred that Smith might convey the land to Waldrop

for the consideration stated—that is, the two notes executed by Waldrop—and that Waldrop might be substituted for Smith to support the appellant the remainder of her life. While the appellant denied that she consented to this arrangement and transfer of the property, she admits that she knew that it had been done, and that she had lived with Waldrop several months without having made any objection to the change. The testimony presented an issue of fact which the court determined against the appellant.

[1] While the contract entered into by Smith to support the appellant was not assignable in law, it was one from which he might have been released by her consent. If it be true, as stated by Smith and Waldrop, that the appellant agreed to the sale to Waldrop, and to the substitution of Waldrop as the party who was to support her in the future, it follows that Smith was relieved of any further obligation in that respect, and appellant had no claim against him for Waldrop's failure. Ascarete v. Pfaff, 34 Tex. Civ. App. 375, 78 S. W. 974, and cases there cited.

[2] It is also insisted that the court should have rendered a judgment against Waldrop for the sum of $880, which it is claimed is $10 per month for the life expectancy of the appellant as shown by the tables of mortality introduced in evidence. A sufficient answer to this contention is that the appellant pleaded no facts which entitled her to a personal judgment against Waldrop for any sum. While the evidence shows that Waldrop by agreement undertook her support and maintenance, and failed to carry out that undertaking, there is no pleading to support any relief based upon such a breach of contract. Evidence cannot form the basis of a judgment, although admitted without objection, in the absence of appropriate pleadings. W. U. Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; San Antonio, etc., Ry. Co. v. Flato, 13 Tex. Civ. App. 214, 35 S. W. 859. This also would seem to be an answer to appellant's further contention that her lien should have been given precedence over that awarded to McGrill. If under her pleadings she was entitled to no judgment against Waldrop, and under the facts to none against Smith for damages, there was no basis for a judgment foreclosing any lien in her favor. Hence there was no error of which she has any right to complain.

The judgment is therefore affirmed.