BENSON v. ASHFORD et al.   (No. 5678.)

(Court of Civil Appeals of Texas. Austin. Dec. 6, 1916.)

1. CONTRACTS &43—ACCEPTANCE.

A written contract is not completed until signed or accepted and acted upon by the party not signing.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. &43.]

2. MECHANICS' LIENS &271(10)—PLEADING.

In suit to foreclose mechanic's lien based on house-building contract signed by defendant alone, judgment for plaintiff was error where the complaint failed to allege plaintiff's performance of the contract.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 504; Dec. Dig. &271(10).]

3. JUDGMENT &255—CONFORMITY TO PLEADINGS.

Facts not alleged, though proved, cannot form the basis of a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. &255.]

Error from District Court, McLennan County; E. J. Clark, Judge.

Action by J. C. Ashford and others against Eula Benson. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

H. C. Lindsey, of Waco, for plaintiff in error. Weatherred, Willis & Cole, of Waco, for defendants in error.

JENKINS, J. We were in error in stating in our former opinion that plaintiff in error specially excepted to the petition of defendants in error in that it did not allege performance of the contract on the part of defendants in error, and that opinion is here withdrawn. We, however, overrule plaintiff in error's motion for rehearing, believing that the judgment should be reversed for fundamental error appearing upon the record.

[1-3] Defendants in error brought suit to recover on certain notes executed by plaintiff in error, and also to foreclose a mechanic's lien which they claimed to have by virtue of an alleged contract. The contract referred to purports to be the contract of both parties, but is signed by Eula Benson alone. The defendants in error did not allege that

they had performed any part of the contract, which provided that they should build a house for plaintiff in error according to certain specifications therein set forth. The alleged contract was attached as an exhibit to the petition.

"As a general rule, a written agreement cannot be said to be a completed contract until signed by all parties to it." 9 Cyc. p. 299.

The exception to this rule is where the party not signing the contract has accepted and acted upon the same. Martin v. Roberts, 57 Tex. 564; Campbell v. McFadin, 71 Tex. 28, 9 S. W. 139; 9 Cyc. p. 300. There is no statement of facts in the record, but, as defendants in error did not allege performance of the contract on their part, no evidence as to such performance could have been legally received, or, if received, could have been the basis of a judgment. Osvald v. Williams, 169 S. W. 185; York v. Lumber Co., 169 S. W. 187; Railway Co. v. Brown, 173 S. W. 943; Nalls v. McGrill, 184 S. W. 275.

The court rendered judgment foreclosing the mechanic's lien, and, there being no pleadings upon which any evidence could have been introduced to sustain such judgment, the motion for rehearing is overruled, and the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.