## BUCKHOLTS STATE BANK v. HARRIS et al. (No. 5781.)

(Court of Civil Appeals of Texas. Austin. April 18, 1917. Rehearing Denied May 16, 1917.)

1. COURTS �köö120—JURISDICTION—AMOUNT IN CONTROVERSY.

An action on a note and to foreclose a vendor's lien securing it, in which a bank which had possession of the note and was wrongfully claiming to own it was made a party, was within the jurisdiction of the district court, though the note was for only $200.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436, 438.]

2. VENDOR AND PURCHASER ⊙══279—FORECLOSURE OF LIEN—PARTIES.

In an action on a note and to foreclose a vendor's lien securing it, a bank, which had possession of the note and was wrongfully claiming to own it, was a proper party.

[Ed. Note.—For other cases, see Vendor. and Purchaser, Cent. Dig. §§ 778–782.]

3. APPEAL AND ERROR ⊙══907(3)—PRESUMPTIONS TO SUPPORT JURISDICTION.

Where there is no statement of facts in the record, it will be presumed that everything

which could have been legally proved in support of the judgment was so proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673.]

4. APPEAL AND ERROR ☞907(3)—PRESUMPTIONS TO SUPPORT JURISDICTION.

The absence of any statement of facts does not justify a presumption that facts were proved which were not pleaded, though recited in the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673.]

5. JUDGMENT ☞250—CONFORMITY TO PLEADINGS AND PROOF.

Where in an action on a note, a bank having possession of the note and wrongfully claiming to own it was made a party, but there were no allegations that it had collected and appropriated any amount due on the note, a money judgment against it for the amount shown to have been so collected was erroneous, as evidence not pertinent to any issue raised by the pleadings cannot form the basis of a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by Jennie B. Harris and husband against the Buckholts State Bank and another. From a judgment for plaintiffs, the defendant named appeals. Reversed and remanded.

Morrison & Lewis, of Cameron, for appellant. M. G. Cox, of Cameron, for appellees.

JENKINS, J. This action was brought by appellees, to recover of A. P. Hess on a note for $200, alleged to have been executed by said Hess in favor of appellees on November 8, 1911, together with 10 per cent. interest thereon, and 10 per cent. attorney's fees. It was alleged that said note was given as part of the purchase money of a certain lot in the town of Buckholts, and that a vendor's lien was retained in the deed executed to Hess for said lot, to secure the payment thereof. It was further alleged that the Buckholts State Bank was in possession of said note, claiming title thereto. Hess filed no answer. Appellant answered that it was the owner of said note, and had purchased the same from appellees for a valuable consideration and before maturity, and further alleged that if the note was the separate property of Jennie B. Harris, it was indorsed to appellant for a valuable consideration by both Harris and wife, and if not indorsed by Mrs. Harris, that her name was indorsed thereon by her husband, as her duly authorized agent, and that if he was not her agent to make such indorsement, appellant was entitled to judgment over against Harris for the amount of said note, interest, and attorney's fees. Harris and wife by supplemental petition replied that said note had been indorsed by them to appellant as collateral security for a debt owing by Harris, which he had paid. The case was submitted to a jury on special issues, as follows:

"First. Is the $200.00 vendor's lien note sued on in the petition the property of the Buckholts State Bank?" To which the jury answered, "No."

"Second. Or was it merely placed as collateral for the payment of the debt of plaintiff? Answer: Placed as collateral only.

"Third. If you answer that the $200 vendor's lien note was placed as collateral for the payment of a debt of plaintiff, then was the said debt of plaintiff ever paid? Answer: Yes."

Upon this verdict the court rendered judgment as follows:

"* * * Which findings and verdict are hereby adopted by the court that the plaintiffs, Jennie B. Harris and her husband, R. S. Harris, are the legal owners and holders of the $200 vendor's lien note sued upon herein, dated November 8, 1911, due October 1, 1912, and the same bears 10 per cent. interest per annum from date until paid, and that the same was merely placed by them with the Buckholts State Bank as collateral to secure a debt of plaintiffs, and that such debt for which it was so placed as collateral has been fully paid off and discharged, and that such payment was made by R. S. Harris, and that the Buckholts State Bank, without knowledge or consent of plaintiffs, received and appropriated to its own use certain sums of money paid it by A. P. Hess, and has not applied said payments so made by said Hess to any indebtedness of said plaintiffs, and that such payments should be accounted for and paid to plaintiffs by said bank, which payments are as follows: Interest to 10/8/1912, which amounted to 10 per cent. on $200, principal of said note on said date, to the sum of $18.33; interest paid to 10/1/1913, which amounted to 10 per cent. on $200, principal of said note from October 8, 1912, to October 1, 1913, to the sum of $19.60; interest to 10/8/1913, which amounted at 10 per cent. on $200, principal of said note from October 1, 1913, the sum of 38 cents; by cash, 2/4/1914, $50.00; and it further appearing to the court that said respective sums aggregate the sum of $88.31, for which, with 6 per cent. per annum thereon from this date, plaintiff is entitled to judgment against said bank; and the plaintiff is further entitled to the possession of said note, and that said bank is not entitled thereto, and is not entitled to the relief sought by its cross bill."

The court also rendered judgment against Hess for the sum of $214.31, with 10 per cent. per annum thereon, from date of judgment, said sum including attorney's fees. The court further found that said note was secured by vendor's lien on the lot described in plaintiffs' petition, and entered judgment foreclosing the same.

[1, 2] In addition to the matters above stated, appellant excepted to the jurisdiction of the court on the ground that the note was for $200 only, and was therefore not within the jurisdiction of the district court. There is no merit in this contention. The suit being against Hess to foreclose a vendor's lien, the district court had jurisdiction without reference to the amount involved, and, it being alleged that the note was in the possession of the bank, which was wrongfully claiming the same, it was a proper party to the suit.

[3-5] Appellant assigned error as to that portion of the judgment which found it liable to plaintiffs in the sum of $88.31, upon the

ground that such judgment is not supported by either the pleadings or the evidence. There is no statement of facts in the record, and we therefore presume that everything which could have been legally proven in support of the judgment was so proven, but there was nothing in the pleadings which would have justified any proof that the bank had collected and appropriated any amount due on said note. Therefore we must presume that no such evidence was given, notwithstanding the recitals in the judgment; or, what amounts to the same thing, if such proof was made, the court could not consider the same, for the reason that it was not pertinent to any issue raised by the pleadings. It is well settled that evidence not pertinent to any issue raised by the pleadings cannot form the basis of a judgment. See Hall v. Jackson, 3 Tex. 305; Railway Co. v. Scott, 86 S. W. 1065; Hamilton v. Battle, Dallam, Dig. 576; Mims v. Mitchell, 1 Tex. 448; McGreal v. Wilson, 9 Tex. 426; Parker v. Beavers, 19 Tex. 407; Telegraph Co. v. Stracner, 152 S. W. 845; Osvald v. Williams, 169 S. W. 185; Railway Co. v. Brown, 173 S. W. 943; Nalls v. McGrill, 184 S. W. 275.

It is true that under a prayer for general relief, which plaintiffs' petition contained, the court may grant any appropriate relief, though not specially prayed for; but relief cannot be said to be appropriate which must be based upon facts as to which no issue was raised by the pleadings. Under the pleadings in this case judgment by default should have been rendered against Hess for the full amount of the note, principal, and interest, and no moneyed judgment should have been rendered against the appellant. If Hess had alleged that he had made payments to the bank, and that the bank was not authorized to receive such payments, he might have had judgment against the bank for the amount thus paid, or if appellees had alleged that the bank had received these payments from Hess without authority, they might have ratified such collection and had judgment against the bank for the amount received by it.

For the reason that the pleadings did not justify any moneyed judgment against appellant, the judgment of the trial court herein is reversed, and this cause is remanded.

Reversed and remanded.