Bill GRAHAM et al., Petitioners,

v.

Rafael FRANCO et ux., Respondents.

No. B–2997.

Supreme Court of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Kleberg, Mobley, Lockett & Weil, Lev Hunt, Corpus Christi, for petitioners.

Allison, Maddin, White & Brin, Harry F. Maddin and James A. Smith, Corpus Christi, for respondents.

GREENHILL, Chief Justice.

The writ of error was granted in this case to pass upon the constitutionality of a statute which provides: "The recovery awarded for personal injuries sustained by either spouse during marriage shall be the separate property of that spouse except for any recovery for loss of earning capacity during marriage." [1] We hold that the statute, as construed, is constitutional. We also hold that the acts of negligence of the husband as found by the jury are not imputed to the wife so as to bar her recovery.

This action arises out of a rear end collision. The car in which the plaintiffs, Mr. and Mrs. Franco, were riding was struck from the rear at night by a truck owned by Bill Graham and driven by Roosevelt Tillis. The Francos testified that Mr. Franco was driving down the right side of the highway with lights burning. As to the rear lights, the testimony was that they had recently been checked and found to be in good order. The truck driver testified that the Franco car was stopped on the highway with its lights off.

The jury found that the truck driver was negligent in failing to keep a proper lookout. It also found that the acts of Mr. Franco in stopping his car on the highway and in having the car upon the highway without a rear light burning constituted negligence. Each of such acts was found to be a proximate cause. There were no allegations or findings that the wife, Mrs. Franco, was guilty of negligence in any respect.

The jury found that Mr. Franco's damages were "zero." It also found that Mrs. Franco's medical expenses were $2,212.92;

but her damages, resulting from the occurrence in question, were likewise found to be "zero." · The trial court entered judgment for the defendants.[2]

As to Mr. Franco, the Court of Civil Appeals affirmed. His contributory negligence was held to have barred his recovery, and the question of his damages became immaterial. As to Mrs. Franco, that court reversed and remanded for a new trial. It found that the answer to the damages issue of "zero" was against the great weight and preponderance of the evidence. It recited, among other things, that she was in the hospital for 13 days, several of which were in intensive care. Her injuries, as well as the details of the accident, are set out in the opinion of the Court of Civil Appeals. 470 S.W.2d 429.

## *The Character of Recovery for Personal Injury*

The Court of Civil Appeals, in holding the statute constitutional, held that a wife would be entitled to recover, as her separate property, damages for injury to her body, including disfigurement, loss or impairment of the use of the body, and physical pain and suffering, both past and present. It excluded from her separate recovery loss of earnings, medical expenses, and "all other damages." These latter items were held to be recoverable by the community of the husband and wife.

In arriving at a proper solution of this problem, it is necessary to begin with law as it existed at the time of the adoption of our Texas constitutions and to ascertain the purpose of those portions of the constitutions which provide for the separate and community estates. Generally speaking, our civil procedure and our rules of neces-

1. Article 4615, which became effective January 1, 1968. That article was repealed after the accident in question and was replaced by Section 5.01 of the Texas Family Code which provides that a spouse's separate property consists of "(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage." All statutory references are to Vernon's Texas Civil Statutes Annotated. Emphasis is ours throughout.

2. There was a cross action which is immaterial here. The defendants recovered nothing under their cross action.

sary parties were adopted from the English; but the substantive rights of the spouses in separate and community property were taken from Spain and Mexico. In England, the spouses were one; and generally, the husband was dominant. He generally controlled the property of the wife and most litigation. He, at least, was generally a necessary party.

The problem in this litigation begins with the early Texas case of Ezell v. Dodson, 60 Tex. 331 (1883). The court had before it the right of a wife to sue alone for her personal injuries growing out of an assault. The defendant filed exceptions on the ground that the husband was a necessary party. The wife refused to amend, and the trial court dismissed her suit. This Court affirmed. We have examined the transcript in that case, and the only question was one of necessary parties. The character of the recovery, if any, whether separate or community, was not at issue. Nevertheless, by dictum, the court added that. the assault and battery upon the wife gave rise to a chose in action; that the chose in action was property; and since it was acquired after marriage and not by way of gift, devise or descent, it would be community property. Thus the dictum was that an injury to the wife constitutes an asset or claim of the community estate.

The holding of *Ezell* was correct on the parties question as the law then existed. But we are of the opinion that its dictum was wrong for the reasons set out below and as ably discussed by Dean Leon Green in his analysis of the Texas Death Act in 26 Texas Law Review 461 at 466 et seq.

After *Ezell*, the question as to the character of the recovery for personal injuries, whether separate or community, was not examined in depth. The courts simply followed the dictum of *Ezell*.

The basic question is the interpretation of Section 15 of Article 16 of the Texas Constitution. With the key words underscored by us, it provides,

"All *property*, both real and personal, of the wife, *owned* or claimed by her before marriage, and that *acquired* afterward by gift, devise or descent, shall be the separate property of the wife; . . ."

This Court in Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925), held unconstitutional a statute which attemped to declare as separate property the rents and revenues from the wife's separate realty. The holding of that case is so limited; and in view of the history of our community property system and laws, it was a correct decision. The language of the opinion, however, is broad. The reasoning of the court in Arnold v. Leonard, and of cases following it, is one of implied exclusion; i. e., if property was acquired during marriage by any other means than gift, devise, or descent, it was and is necessarily community.

A much later case of this Court reverted to a test more akin to that prevailing under the Spanish and Mexican law, and several early opinions of this Court, dealing with community property. It applied an affirmative test; i. e., that property is community which is acquired by the work, efforts or labor of the spouses or their agents, as income from their property, or as a gift to the community. Such property, acquired by the joint efforts of the spouses, was regarded as acquired by "onerous title" and belonged to the community. Norris v. Vaughan, 152 Tex. 491, 260 S.W.2d 676 (1953); DeBlane v. Lynch, 23 Tex. 25 (1859); Smith v. Strahan, 16 Tex. 314 (1856); Epperson v. Jones, 65 Tex. 425 (1886); De Funiak, Principles of Community Property (1971) § 62; Moynihan, Community Property, 2 American Law of Property (1952) § 7.16. Under this reasoning, it is clear that the personal injuries to the wife are not "acquired" by the efforts of the spouses and would not belong to the community. Thus in Norris v. Vaughan, supra, Justice Smith wrote for this Court that:

"The principle which lies at the foundation of the whole system of com-

munity property is, that whatever is acquired by the joint efforts of the husband and wife, shall be their common property."

It is not necessary, however, to here make a decision on the correctness or applicability of Norris v. Vaughan and related cases and the concept of "onerous title."

The dictum of *Ezell* reasoned, as indicated, that if the wife were injured after marriage, this created a chose in action; that a chose in action [a cause of action for personal injuries] was property; that this property (chose in action) was acquired after marriage; and since it was not acquired by gift, devise or descent, it belonged to the community.

There is a large body of law, including cases by this Court, that a chose in action (a cause of action) for injuries to the *person* (as contrasted to injuries to *property*) was not regarded as *property* at the time of the adoption of our constitution. This Court stated the general rule in G. H. & S. A. Ry. v. Freeman, 57 Tex. 156 (1882):

"Mere personal torts die with the party and are not assignable. 'Such are actions of slander, libel, assault and battery, false imprisonment, *crim. con.*, seduction, etc. On the other hand, when the injury affects the estate rather than the person, when the action is brought for damage to the estate and not for injury to the person, personal feelings or character, the right of action could be bought and sold. Such right of action, upon the death, bankruptcy or insolvency of the party injured, passes to the executor or assignee as a part of his assets, because it affects his estate, and *not his personal rights.*' * * * * In the American notes to the case of Row v. Daudon, * * * * the rule stated above is treated as the general rule in America." 57 Tex. at 158.

The *Freeman* case was followed in Stewart v. H. & T. C. Ry. Co., 62 Tex. 246 (1884).

At common law, a cause of action (chose in action) for damage to *property was* property and could be transferred and inherited. But a cause of action for *personal injuries* at common law was not inheritable or assignable. As is stated in McKay, Law of Community Property § 182 (2nd ed. 1925), and relevant here as speaking as of the time our constitution was adopted,

"By the clear weight of common law authority, a cause of action for personal injury is not property in any sense, nor for any purpose till it has been reduced to judgment; and the judgment, as property, takes its character as separate or common from the right violated in committing the wrong—the personal injury."

The *Ezell* opinion cites two authorities for the proposition that a chose in action for personal injuries is property: 2 Bishop on Married Women § 271, and C. B. & Q. RR. Co. v. Dunn, 52 Ill. 260 (1869). Bishop does not say that a chose in action for personal injuries is *property*. It says only that "the right to sue for a tort which one has suffered is a chose in action," and that after marriage the suit must be brought in the joint names of the husband and wife,— the *procedural* point before the *Ezell* court. Bishop continues, "But where the injury is in whole or in part to the wife, the right to sue for the injury to her is her postnuptial chose in action."

The other authority ctied in *Ezell*, the *Dunn* opinion by the Illinois court, is one based on the construction of the intent of the Illinois Legislature in enacting a statute to change the common law. That opinion demonstrated that the Illinois Legislature intended that the cause of action for damages arising out of personal injuries should become *property*. Moreover, contrary to *Ezell*, the Illinois court said that it was *the wife's property*:

"Who is the natural owner of the right? Not the husband, because the injury did not accrue to him; it was wholly personal to the wife. It was her body that was bruised; it was she who

suffered the agonizing mental and physical pain." 52 Ill. at 264.

Assuming that a chose in action arising out of a personal injury to a spouse is, or created, "property," the character of the "property" was personal to the one spouse injured at common law.

McKay, in his work on Community Property cited above, says, at page 269, that in a personal injury, the right violated is to personal security; *that no right is more intensely separate than this*; and that the violator of this separate right gives rise to a separate cause of action. "This right belonged to the wife at common law, and so did the cause of action for its violation. There has never been any mistake about this in the common law authorities . . . ."

Similarly under Spanish law, an injury to the wife gave rise to rights in *her*, for her separate estate, not to the community. A recognized authority in this area, De Funiak, writes in "Principles of Community Property," Section 81, that:

"There is no question that this ["delictus" or "delict"] included the wife as a person wronged . . . with the right to be made whole so nearly as was possible . . . . Thus, the injury to the person of a wife was compensable to her to the extent that she was wronged or dishonored by such injury. . . ."

That authority concludes that injuries to the wife were her separate right under the Spanish and Mexican law upon which our system of community property law was based.

Professor Joseph W. McKnight, whose views are similar to those of Dean Leon Green referred to above, concluded,

"The sort of recovery for personal loss referred to by Article 4615 was not construed as a property interest either under the common law as adopted in Texas in 1840 or under the Spanish law which prevailed prior to 1840 and thereafter with respect to marital property and other family matters. It is perhaps worthy of note that, even today, neither the federal Internal Revenue Code nor the federal Bankruptcy Act treats such losses as property interests." Trial Lawyers Forum 7 at 31 (1968).

It was also recognized at the time of the adoption of our various constitutions including that of 1876, that as to property which was exchanged for other property, and damages which were awarded to the separate property of a spouse, the recovery would be separate in character. Love v. Robertson, 7 Tex. 6 (1851); Rose v. Houston, 11 Tex. 324 (1854); Chapman v. Allen, 15 Tex. 278 (1855); Cleveland v. Cole, 65 Tex. 402 (1886); San Antonio & A. P. Ry. Co. v. Flato, 13 Tex.Civ.App. 214, 35 S.W. 859 (1896).

Under this line of authorities, able scholars have reasoned that the body of the wife brought into the marriage was peculiarly her own; and that if any "property" was involved in a personal injury to the wife, it was peculiarly hers. If her house, her separate property, were set afire and destroyed by a third person, the recovery should be her separate property. If an automobile were owned by the wife before marriage and was injured or destroyed, the recovery should go to repay the loss or damage to her separate property. So, the reasoning continues, if the arm of the wife is cut off, the recovery for the loss because of disfigurement and for the attendant pain and suffering should go to the wife. The reasoning is that the recovery is a replacement, in so far as practicable, and not the "acquisition" of an asset by the community estate. See Huie, Definition of Wife's Separate Property, 35 Texas Law Review 1054 at 1061 (1957); McKnight, Personal Injury as Separate Property, 3 Trial Lawyers Forum 7 (1968); McKnight, Matrimonial Property, 26 Southwestern Law Journal 31 at 36 (1972); McSwain, The New Marital Property Statutes, 2 Family Law Newsletter (State Bar of Texas), number 3 (1968).

Other noted writers outside of Texas agree with Dean Green that the *Ezell* dictum and cases following it are incorrectly decided. Green, The Texas Death Act, 26 Texas Law Review 461 at 466 et seq.; Moynihan, 2 American Law of Property (1952) § 7.16; McKay, Law of Community Property §§ 182, 184, and 378. In Section 398, McKay concludes,

> "But neither at common law or by the law of community does he [the husband] hold the wife's right to personal security and should not be permitted to recover for the violation of this right. It does not belong to him nor to the community. The wife's physical pain and suffering are not his loss nor the loss of the community."

■ In the light of the foregoing, it is our conclusion that, in adopting the provisions of Section 15 of Article 16 of our constitution, the people did not intend to change the common law or the Spanish law under which Texas operated so as to make a cause of action for injuries to the wife an asset of the community. A personal injury, and the chose in action created, was not "property" at common law as then understood, and it was not property "acquired" by any community effort. If it was "property" under the common law, the Spanish law, or the Texas law, its character was separate, or personal, to the wife. In using the word "property," the framers of the constitution apparently had in mind property which could be given, bought and sold, and passed by will or by inheritance. A chose in action, or cause of action, arising out of injury to the wife was none of these. So, as stated, the dictum of Ezell v. Dodson was in error, and it still is. Granted our great reluctance to disapprove or overrule decisions in the field of property, or in the field of contracts upon which people deliberately rely, we consider it our particular duty to follow

the constitution and to right the wrongs especially where the Legislature has felt strongly enough about it to take the action it has. This Court has, in the past, corrected the dictum of its previous decisions when the dictum was wrong. Valmont Plantations v. State of Texas, 163 Tex. 381, 355 S.W.2d 502 (1962). We have also overruled opinions where we regard them as erroneous. Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 at 535 (Tex. 1966), and Howle v. Camp Amon Carter, 470 S.W.2d 629 at 630 (Tex.1971). The dictum of Ezell v. Dodson is therefore overruled.

Most of the opinions of this Court dealing with injuries to the wife after *Ezell* were, like *Ezell*, concerned with procedural matters, mainly the question of who could or should, or should not, bring the suit. The merits of the question of the character of the recovery, whether separate or community, apparently were not re-examined. Texas Central Ry. Co. v. Burnett, 61 Tex. 638 (1884); G. C. & S. F. Ry. v. Greenlee, 62 Tex. 344 (1884); Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808 (1891). These and other opinions are likewise overruled to the extent that they conflict with this opinion.

The Legislature in 1915 attempted to change the rule by a statute which was too broad.[3] That statute was carried forward in the Revised Statutes of Texas of 1925 as Article 4615. It provided, in effect, that *all* recovery by the wife for personal injuries, except medical expenses, should be her separate property. This included loss of earnings which under common law and community property concepts at the time of the adoption of our constitution were community. The earnings of the spouses were funds acquired by the efforts of a spouse which have been considered part of the community of the spouses. That statute and the drafting of its successor are analyzed

---

3. Acts 34th Leg.1915, Chapter 54, page 103. This Court called that legislation "over-broad." Few v. Charter Oak Fire Ins. Co., 463 S.W.2d 424 at 427 (Tex. 1971).

by Joseph W. McKnight in his article, Personal Injury as Separate Property, 3 Trial Lawyers Forum 7 (1968).

A court of civil appeals held that the above statute was unconstitutional. Northern Texas Traction Co. v. Hill, 297 S.W. 778 (Tex.Civ.App.1927, writ refused). Because the statute classified all recovery, including personal earnings, to be separate, it was a correct decision as above indicated. But the court in the *Hill* case wrote too broadly and cited only the dictum of Ezell v. Dodson for its broad language. To the extent that the holding of the Northern Texas Traction Co. case conflicts with this opinion, it is overruled.[4]

■ Our holding is that, independent of the statute involved, recovery for personal injuries to the body of the wife, including disfigurement and physical pain and suffering, past and future, is separate property of the wife. And, of course, a statute which provides that such recovery shall be the separate property of the wife is constitutional.

### Recovery for Medical Expenses and Loss of Earning Capacity

Though there is room for a difference of opinion, our research indicates that the recovery for medical and related expenses is for the community. The reasoning has been that it is the burden of the community to pay these expenses. Moynihan in 2 American Law of Community Property (1952) says at page 160,

"Although it would on principle seem the sounder view that damages recovered for pain, suffering and bodily disfigurement are the separate property of the injured spouse, it does not follow that

all elements of damage for personal injury are properly classified as separate property. Damages for impairment of earning capacity and consequential damages in the nature of medical, hospital and nursing expenses are properly recoverable for the community."

De Funiak writes in Section 82 of Principles of Community Property, that while recovery for injuries to the spouse should be separate, the rule is different for other elements of recovery:

"But on the other hand, if injury deprives the marital community of the earnings or services of the spouse, that is an injury to the marital community; likewise there is loss to the community where the community funds are expended for hospital and medical expenses. * * *[5] If the wife is contributing earnings to the marital community, any injury interrupting or lowering those earnings is equally, as in the case of the husband, an injury to the community. . . ."

He also states that:

"The earning capacity, as such, would presumably be translated into earnings during the marriage, which would be community property."

■ To the extent that the marital partnership has incurred medical or other expenses and has lost wages, both spouses have been damaged by the injury to the spouse; and both spouses have a claim against the wrongdoer. The recovery, therefore, is community in character. This Court has held, however, that the wife could bring suit alone for medical services. Few v. Charter Oak Fire Ins. Co., 463 S.W. 2d 424 (1971).

4. Ordinarily, if this Court disagrees with an opinion of a Court of Civil Appeals, the opinion of the intermediate court is "disapproved." Since this court "refused" the writ of error in the above case, the opinion will be "overruled" in so far as it conflicts with this opinion.

5. We do not have before us, and express no opinion upon a situation which might show that the medical expenses were paid from the separate funds of the injured spouse.

### Contributory Negligence of Husband

The Texas cases which have denied the wife a recovery for her personal injuries have for their basis the reasoning that, following *Ezell,* the recovery would be community property. Since the husband was negligent, he should not be permitted to recover for his own wrong; and since the husband shares in a recovery for the community property, there should be no recovery. Dean Page Keeton, in analyzing the holdings in the early cases, writes that, "it might be said that contributory negligence is a bar, not because it is unjust to hold the defendant but because it is unjust for the negligent plaintiff [the husband] to benefit from his own wrong." And "it is for this reason that the Texas courts . . . will not allow an injured spouse to recover for personal injuries, where the other spouse contributes to produce the injuries by negligent conduct." Keeton, Imputed Contributory Negligence, 13 Texas Law Review 161 at 177 and 179 (1935). This reasoning is spelled out in Northern Texas Traction Co. v. Hill, 297 S.W. 778 (Tex.Civ.App.1927, writ refused) where the court pointed out that the husband had a "half interest" in the cause of action. Hence his contributory negligence would be a defense, "for to hold otherwise would be to allow him to recover regardless of his own negligence." 297 S.W. at 780.

In other situations, our decisions have not denied a wife to recover where the husband has been guilty of wrongdoing. Thus in Nickerson v. Nickerson, 65 Tex. 281 (1886), the husband and a third party had the wife wrongfully imprisoned. It was argued that she should not be permitted to recover from the third person because the recovery would be community, and hence the husband would profit from his own wrong. Before the case came to trial, there was a divorce. Contrary to the dictum of *Ezell* and in line with the other authorities cited above, this Court held,

"  .  .  . like other choses in action [for injuries to the person] not reduced

to possession during the coverture, the sum recovered would be her separate estate." 65 Tex. at 283.

■ In any event, the reason for the rule that the negligence of the husband should be imputed to the wife (that he would profit from his own wrong) falls where the recovery for her injuries is her separate property. We have held that such recovery is her separate property, and the recovery will not be to him or the community. Therefore, the contributory negligence of the husband does not bar the recovery by the wife. Cases which have followed the dictum of *Ezell* and have used the community property defense ("imputed negligence") are therefore wrong and should be overruled. Accordingly, the language in Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808 (an adopted opinion by the Commission of Appeals, 1891), and the holding of Dallas Railway & Terminal Company v. High, 129 Tex. 219, 103 S.W.2d 735 (1937), and cases following them such as *Northern Texas Traction Co.* referred to above, are overruled in so far as they conflict with this opinion. In the case at bar, the only acts of contributory negligence pleaded, submitted, and found were those of Mr. Franco. Mrs. Franco is therefore not barred from those items for which she may recover, set out above.

■ Where, as in the case of medical expenses and lost earnings, the recovery would be community, the contributory negligence of the husband must be attributed to the marital community so far as affects any right of action on behalf of the marital community. De Funiak, Principles of Community Property (1971) § 83.

Other points are brought forward which include questions dealing with the admissibility of evidence dealing with contributory negligence, or not, of the husband in stopping his car upon the highway without proper lights burning. We have examined all the points, and we are in substantial agreement with their handling by the Court of Civil Appeals. They are overruled.

The opinion and judgment of the Court of Civil Appeals was that the part of the judgment of the trial court which denied a recovery to the husband was affirmed; but as to the wife, that court reversed the judgment of the trial court and remanded the cause for a new trial. The effect of the judgment of the Court of Civil Appeals was to sever the cause of action of the wife for such damages as she may be entitled to recover, but its judgment did not so provide. We order such a severance. Accordingly, the judgment of the Court of Civil Appeals is reformed to provide for a severance; and as reformed, it is affirmed.