Charlene **WILKINSON**, Appellant,

v.

Louis Edward **STEVISON**, Appellee.

No. 7492.

Court of Civil Appeals of Texas, Beaumont.

Sept. 27, 1973.

Rehearing Denied Oct. 18, 1973.

Daylee Wiggins, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

KEITH, Justice.

The only question presented by this appeal is whether the decision in Graham v. Franco, 488 S.W.2d 390 (Tex.1972), renders inoperative the doctrine of joint enterprise and agency as applied between husband and wife.

Appellant, plaintiff below, owned the automobile in which she was riding at the time of the accident forming the basis of this suit. Plaintiff sustained injuries when her car, being driven by her husband, was in a collision with an automobile driven by the appellee, defendant below. The jury convicted the defendant of a single act of negligence proximately causing the collision—excessive speed. Appellant's husband, who was not a party to the suit,[1] was convicted of two acts of negligence proximately causing the accident—failing

1. We do not consider it material that appellant was divorced between the time of the accident and the trial of the cause.

to keep a proper lookout and failing to yield the right of way.

Four questions submitting the doctrine of joint enterprise and agency were answered favorably to the defendant and are reproduced in the margin.[2] The jury awarded plaintiff $2000 as compensation for her physical pain and mental anguish in the past, this being the only element of damage which we are authorized to consider under a stipulation of the parties.

Based upon the findings of the jury, the trial court overruled plaintiff's motion for judgment non obstante veredicto, and entered judgment for defendant.

■ Chief Justice Greenhill's authoritative opinion in Graham v. Franco, supra, is not challenged by the parties and we readily accept its teaching that "the contributory negligence of the husband does not bar the recovery by the wife" for injuries to her person. (488 S.W.2d at 397) However, the question presented by this appeal was not before the court in *Graham*. Our record conclusively establishes that the plaintiff was the owner of the vehicle in which she was riding with her husband as the driver.[3] Plaintiff seeks to avoid the well-established rule of law that the owner of a vehicle is barred by the negligence of the driver, if the owner is in the car at the time of the accident.

The doctrine of joint enterprise is firmly entrenched in our jurisprudence and the earlier cases on the subject are all discussed at length in Nelson v. Fulkerson, 155 Tex. 298, 286 S.W.2d 129 (1956). It is not only unnecessary for us to discuss these earlier cases, but such an attempt on our part would be presumptuous. In the cited case, Tom Nelson owned the car which was being driven by his minor son, Gene. The only testimony on the question came from the father and son and the latter was found guilty of contributory negligence. A joint venture was found to exist, as a matter of law, and Gene's negligence was imputed to his father, "because he was driving the automobile with the consent of his father, who was present with him in the car." (286 S.W.2d at 132)

We mention but a few of the decisions of the several Courts of Civil Appeals applying the doctrine announced in *Fulkerson*. In Miller v. Panhandle & S. F. Ry. Co., 35 S.W.2d 194, 202 (Tex.Civ.App., Amarillo, 1930, error dism.), the negligence of the daughter, who was driving her parents' car in which they were riding, was imputed to the parents. In Waggoner v. Simmons, 117 S.W.2d 553, 555 (Tex.Civ.

2. "SPECIAL ISSUE NO. 23. Do you find from a preponderance of the evidence that on the occasion in question John Henry Wilkinson was operating the vehicle in furtherance of a mission for the benefit of Charlene Wilkinson? . . . Answer: Yes.

"SPECIAL ISSUE NO. 24. Do you find from a preponderance of the evidence that on the occasion in question John Henry Wilkinson was operating the vehicle in furtherance of a mission for the benefit of Charlene Wilkinson and subject to control by Charlene Wilkinson as to the details of the mission? . . . ANSWER: Yes.

"SPECIAL ISSUE NO. 25. Do you find from a preponderance of the evidence that Charlene Wilkinson had a joint interest with John Henry Wilkinson in the object and purpose of the trip, and had at least an equal right, expressed or implied, to direct and control John Henry Wilkinson in the operation of the vehicle? . . . ANSWER: Yes.

"You are instructed that by 'equal right, expressed or implied' is meant a right to control the operation of the vehicle and not the actual physical control. You are further instructed that the owner of a vehicle maintains a right to control a driver in the operation of a vehicle in which the owner is a passenger, unless such right of control is affirmatively relinquished by the owner.

"SPECIAL ISSUE NO. 25a. Do you find from a preponderance of the evidence that on the occasion in question Charlene Wilkinson had given up the right to control the vehicle, in which she was riding, to John Henry Wilkinson? . . . ANSWER: We do not."

3. There is no suggestion that the automobile was owned by the wife or that the doctrine of joint enterprise or agency was involved in Smith v. Smith, 473 S.W.2d 299, 302 [Tex. Civ.App., Texarkana, 1971, error ref. n. r. e., 478 S.W.2d 81 (Tex.1972)].

App., Fort Worth, 1938, no writ), the father's automobile was being driven by his son-in-law and a minor daughter was present therein at the time of the accident. The negligence of the son-in-law was imputed, as a matter of law, to the owner-father and to the minor daughter.

A bitterly divided court upheld a summary judgment for the defendant upon the doctrine of imputed negligence in the case of McCormick v. Stowe Lumber Company, 356 S.W.2d 450, 453 (Tex.Civ.App., Austin, 1962, error ref. n.r.e.). The cases following *Fulkerson* were discussed at some length and the driver's negligence was imputed, as a matter of law, to the plaintiff who was riding in her parents' car at the time. Our case, resting as it does upon unchallenged jury findings, is much stronger than *McCormick*, where the court was considering an appeal from a summary judgment for the defendant. Cf. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970).

In Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40 [Tex.Civ.App., Fort Worth, 1968, affirmed on other grounds sub nom. Satterfield v. Satterfield, 448 S. W.2d 456 (Tex.1969)], the son was driving the father's car enroute to church when the collision occurred. The father was denied a recovery against the owner and driver of the other vehicle involved since the son was convicted of contributory negligence. This was done on the theory of imputed negligence under the doctrine of joint enterprise which, according to the Court of Civil Appeals, was established as a matter of law. (424 S.W.2d at 43–44) However, the father-owner was held not to be a guest of the son-driver and thus was permitted a recovery against the son without a finding of gross negligence. It was this latter holding which reached the Supreme Court with an affirmance of the judgment.

In Oates v. Yancey, 426 S.W.2d 594 (Tex.Civ.App., Fort Worth, 1968, error ref. n.r.e.) the owner of the vehicle was in-

jured while her sister was driving the vehicle. The trial court found that there was a joint enterprise, again as a matter of law, and the sister-driver's negligence was imputed to the plaintiff-owner and barred a recovery.

The jury found that the parties were not engaged in a joint enterprise in Red Ball Motor Freight, Inc. v. Arnspiger, 449 S. W.2d 132 (Tex.Civ.App., Dallas, 1969, no writ). The daughter was driving her father's car at the time of the collision and was convicted of contributory negligence. Holding that the parties were engaged in a joint enterprise, as a matter of law, the court imputed the daughter's negligence to the father, resulting in a rendition of his judgment. The court noted (449 S.W.2d at 137) that the case was "strikingly similar from a factual situation to that decided by our Supreme Court in Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949)," one of the cases discussed in *Fulkerson,* supra (286 S.W.2d at 130–131).

■ From the foregoing resume of a few of the cases, it is readily seen that the doctrine of joint venture may not be thrust aside except for compelling reasons. No such compelling reasons are assigned here.

■ In *Graham,* supra, the court did not abolish completely the doctrine of imputed negligence in the husband-wife case; it simply recognized that erroneous dictum in an early case needed to be excised from the body of the law and proceeded so to do. It held, insofar as material to this case, that imputed negligence based upon the community property defense would no longer be available as a defense in a claim for pain and suffering arising out of the wife's personal injuries. But, it is significant that the community property defense is still a viable defense as to lost earnings. Thus, contrary to the contention of plaintiff in our case, the doctrine of imputed negligence was not completely abolished in *Graham.*

■ We decline the invitation of plaintiff to overrule the long line of cases

applying the doctrine of imputed negligence arising out of the doctrine of joint venture. If it is to be abolished as between husband and wife, it should be done by the Supreme Court and not by an intermediate court. Point one is overruled.

 In point two, plaintiff contends that the doctrine of agency may not be used to deny her recovery for the pain and suffering she experienced from the injuries received in the accident. Many of the same arguments are advanced as have been discussed heretofore. We recognize, as we must, that "the relationship of husband and wife does not in itself make one spouse the agent of the other." Gravis v. Physicians and Surgeons Hospital of Alice, 427 S.W. 2d 310, 311 (Tex.1968). But, the unchallenged jury finding was that the husband was the agent of the wife in this case.

Counsel, seeking to avoid the effect of the doctrine of agency, again uses Graham v. Franco as his authority; but, he recognizes the weakness of his position by saying:

"It is not at all the intent of the writer in this brief to suggest that joint venture and agency should not exist between husband and wife. To the contrary, the law should be unchanged, except for the driver-passenger situation between husband and wife. The negligence of either spouse should not be imputed to the other to bar recovery of personal services, under any theory of defense. The fact that personal injuries are separate property, that right should not be abrogated by imputed negligence." (emphasis omitted)

Plaintiff asks more of Graham v. Franco than can be drawn therefrom. It abolished the community property defense of imputed negligence; it did not abolish all other theories of defense. Point two is overruled.

In this case, the negligence of the husband is imputed to the wife-owner of the automobile under the doctrine of joint enterprise. We express no opinion as to the rights of the parties had the automobile in which they were riding been jointly owned as community property or if the wife were driving a vehicle which was the separate property of the husband. Such questions are not before us. The judgment below was correct and is now affirmed.